PER CURIAM.
Appellant seeks review of the trial court’s order summarily denying his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850. Appellant’s singular point in his motion alleges that he was denied effective assistance of counsel through his attorney’s failure to call appellant’s codefendant who would have presented testimony favorable to appellant. Appellant’s codefendant at trial advised the court that he had a different accomplice and appellant had no involvement in the crime. Furthermore, appellant contends he was denied effective assistance of counsel in that his trial counsel also represented his codefendant at trial. If the allegations are true, appellant might be entitled to post-conviction relief. The trial court, however, failed to conduct an evidentiary hearing or to attach a portion of the record which conclusively refute appellant’s allegations.
Accordingly, we reverse the trial court’s denial of appellant’s motion and remand the case to the trial court. On remand, the trial court may either again summarily deny the motion, and attach to its order those portions of the record which conclusively show that appellant is not entitled to relief, or hold an evidentiary hearing and then rule on the allegations raised in appellant’s motion. See Fla.R.Crim.P. 3.850; see also Halpin v. State, 428 So.2d 703 (Fla. 2d DCA 1983); Jones v. State, 421 So.2d 55 (Fla. 1st DCA 1982); and Van Bever v. State, 405 So.2d 474 (Fla. 5th DCA 1981). To obtain further review in this cause, either aggrieved party must appeal the new ruling of the trial court.
REVERSED and REMANDED.
OTT, C.J., and RYDER and CAMPBELL, JJ., concur.