479 So.2d 848 (1985)
Joseph ROTH, Appellant,
v.
The STATE of Florida, Appellee.
No. 85-2455.
District Court of Appeal of Florida, Third District.
December 17, 1985.
*849 Joseph Roth, in pro. per.
Jim Smith, Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and NESBITT and JORGENSON, JJ.
PER CURIAM.
The defendant appeals the summary denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse.
The defendant was convicted of the first degree murder of his wife by means of electrocution. On appeal, the judgment of conviction was affirmed. Roth v. State, 359 So.2d 881 (Fla. 3d DCA 1978). In 1983, the defendant filed a Rule 3.850 motion alleging ineffective assistance of counsel. In that motion, the defendant alleged that two persons contacted his attorney prior to trial and informed him of "facts establishing Movant's innocence; ... that the deceased had the necessary knowledge and requisite state of mind to take her own life." Although the theory of defense at trial was that the defendant's wife committed suicide, defendant's trial counsel did not call these witnesses to testify. The trial court summarily denied the motion without holding an evidentiary hearing finding that "the allegations contained therein [did] not constitute legal grounds for granting a New Trial or release of the prisoner, and the Motion [was] insufficient in substance to support the relief prayed." This court affirmed the trial court's order finding the motion was "insufficient to support a claim for relief." Roth v. State, 435 So.2d 274 (Fla. 3d DCA 1983). See Ables v. State, 404 So.2d 137 (Fla. 5th DCA 1981); Clements v. State, 340 So.2d 1182 (Fla. 4th DCA 1976).
Subsequently, the defendant filed the present Rule 3.850 motion alleging the same ground for relief. This motion, however, had attached to it the affidavits of the two potential witnesses. In these affidavits, the affiants indicated that about one week prior to the death of the defendant's wife, the deceased had asked them whether it was possible to electrocute one's self. One of the affiants, an electrician, told her that it was possible and outlined how it could be done. The affiants indicated that they supplied this information to the defendant's attorney prior to the trial but were never called as witnesses. The trial court denied the defendant's motion without an evidentiary hearing on the basis that it was a successive motion that failed to raise a new or different ground for relief. See Fla.R.Crim.P. 3.850.
The restriction in Rule 3.850 against successive motions alleging the same grounds is applicable only when the grounds raised in the previous motion were adjudicated on the merits. The restriction does not apply when the previous motion was summarily denied or dismissed for legal insufficiency. McCrae v. State, 437 So.2d 1388 (Fla. 1983). In the present case, the previous motion alleging ineffective assistance of counsel because of a failure to call witnesses was denied for legal insufficiency. See Roth, 435 So.2d at 274 and cases cited. Accordingly, it was error for the trial court to deny the defendant's motion on the basis that he had raised the same ground for relief in the previous motion. See McCrae, 437 So.2d at 1390.
Turning to the merits of the defendant's motion, we recognize that the decision of whether to call certain defense witnesses is ordinarily a matter of trial strategy and personal judgment on the part of defense counsel. Thus, only when the decision made is so irresponsible as to constitute inadequate representation does such a ground constitute a proper collateral attack on the competence of counsel. Mauldin v. State, 382 So.2d 844 (Fla. 1st DCA 1980). See Armstrong v. State, 429 So.2d 287 (Fla.), cert. denied, 464 U.S. 865, 104 S.Ct. 203, 78 L.Ed.2d 177 (1983). Nevertheless, we find that the unique circumstances of this case may entitle the defendant to *850 relief. See Collins v. State, 433 So.2d 37 (Fla. 2d DCA 1983); Halpin v. State, 428 So.2d 703 (Fla. 2d DCA 1983). See also McMillian v. State, 411 So.2d 1372 (Fla. 5th DCA 1982). Cf. McCrae v. State, 313 So.2d 429 (Fla. 3d DCA 1975) (affirming the denial of a Rule 3.850 motion after an evidentiary hearing in which the claim of ineffective assistance of counsel was based on defense counsel's failure to call two witnesses at trial whose testimony would have supported the defense theory that the deceased was shot by accident when the defendant tried to stop him from committing suicide).
Accordingly, we reverse the trial court's denial of the defendant's motion and remand the case to the trial court. On remand, the trial court may either hold an evidentiary hearing and then rule on the merits of the defendant's motion, or summarily deny the motion attaching to the order those portions of the record which conclusively show that the defendant is not entitled to relief.
Reversed and remanded.