SHIVERS, Judge.
The appellant in this case, Curtis L. Hampton, filed a motion for post-conviction relief on December 12, 1985, raising four grounds: (1) that his guilty plea was involuntarily entered; (2) that the trial court erred in failing to order a competency hearing; (8) that his conviction was obtained by use of a coerced confession; and (4) ineffective assistance of counsel through (a) failure to raise voluntary intoxication defense, (b) failure to explain to defendant the nature of a nolo contendere plea, (c) failure to inform defendant that his constitutional rights had been violated, and (d) failure to move the court for a competency hearing. The trial court summarily denied the motion, stating that appellant had raised the same grounds in a previous motion for post-conviction relief, which was denied by the trial court in 1981. Appellant appealed the denial of the 1985 motion to this court, alleging that he did not recall filing the previous motion.
We released an opinion on October 14, 1986 noting that, according to Rule 3.850, a second or successive motion for post-conviction relief may be dismissed if the trial court finds that it fails to allege any new or different grounds and if the prior determination was made on the merits. Since we were unable to determine either of these points from the record, we reversed and remanded for the trial court to attach the portion of the record and files conclusively showing appellant to be entitled to no relief. Hampton v. State, 495 So.2d 903 (Fla. 1st DCA 1986).
The trial court has responded to our opinion by providing us with a copy of the previous motion and of the order denying that motion. Since it is apparent both that the 1985 motion contains issues which were not raised in the previous motion, and that the previous motion was not denied on its merits, we reverse the trial court’s summary denial of appellant’s 1985 motion for post-conviction relief and remand for further proceedings consistent with Rule 3.850.
SMITH and ZEHMER, JJ., concur.