518 So.2d 465 (1988)
Jeffrey Marshall AMES, Appellant,
v.
STATE of Florida, Appellee.
No. BQ-289.
District Court of Appeal of Florida, First District.
January 15, 1988.
Jeffrey Marshall Ames, pro se.
Robert A. Butterworth, Atty. Gen., and John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
Jeffrey Marshall Ames appeals from an order denying, as impermissibly successive, his motion for post-conviction relief pursuant to rule 3.850, Florida Rules of Criminal Procedure. Finding error in the trial court's ruling, we reverse.
Ames was convicted of one count of sexual battery, one count of armed burglary, and one count of armed robbery. He was sentenced to three life sentences, two to run concurrently and one to run consecutively. He appealed his conviction and sentence and this court vacated two of the three three-year minimum mandatory sentences imposed by the lower court. Ames v. State, 449 So.2d 826 (Fla. 1st DCA 1984). The Florida Supreme Court affirmed. State v. Ames, 467 So.2d 994 (Fla. 1985). Ames filed one previous motion for postconviction relief, alleging that appellant's trial counsel was ineffective. The trial court denied the motion on the ground that it failed to allege facts sufficient to comply with Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Ames appealed, but alleges that he dismissed his appeal on the advice of a fellow inmate "para-legal" who informed him that his motion was indeed insufficient.
Ames then filed the present motion, alleging additional facts in support of the claimed ineffective assistance of counsel plus additional grounds that he was denied the right to a fair trial and meaningful appellate review. The trial court issued an *466 order directing the state attorney to show cause why appellant's motion should not be granted. The state attorney responded by filing a motion to dismiss, alleging it was a successive motion raising the same ground for relief. The trial judge found "that the motion seeks the same relief as the Defendant's first motion" and dismissed it "for failure to allege new and different grounds for relief."
Ames appealed the denial of this rule 3.850 motion, and we asked the attorney general's office to respond. The response we received suggested only that the appellant's motion was impermissibly successive and an abuse of process. The attorney general's brief failed to address any of appellant's contentions on the merits, and attached only those portions of the record that pertained to the issue of successiveness.
Rule 3.850 provides as follows:
A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant or his attorney to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.
In Hampton v. State, 504 So.2d 57 (Fla. 1st DCA 1987), this court held, in accord with the plain language of the rule quoted above, that a successive motion raising the same grounds for relief can only be denied as an abuse of process if the prior determination was on the merits. See also Roth v. State, 479 So.2d 848 (Fla. 3d DCA 1985). It is clear from the record before us that Ames's prior motion was not denied on the merits, rather it was found to be legally insufficient. Ames's motion has alleged additional facts in support of the claimed denial of effective assistance of counsel. Thus, the trial court erred in summarily dismissing the motion for failure to allege "new or different grounds." We therefore reverse and remand for the trial court to consider the legal sufficiency of the additional facts to support the stated ground based on ineffective assistance of counsel. If the additional facts are legally sufficient, the court shall proceed to a disposition of the motion on the merits under Rule 3.850.
We find no error in dismissing the motion as to the grounds relating to denial of the right to a fair trial and meaningful appellate review. Those allegations should be considered, however, in relation to the alleged ineffective assistance of counsel.
REVERSED and REMANDED.
JOANOS, WIGGINTON and ZEHMER, JJ., concur.