PER CURIAM.
This is an appeal from the summary denial of Kendrick’s motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Of the four grounds Kendrick alleged in his motion, only one is legally sufficient to require an evidentiary hearing or attachments that refute the allegation.
Kendrick pleaded guilty to sale and possession of cocaine and aggravated assault. He was sentenced to ten years’ imprisonment. Kendrick contends that his counsel was ineffective because counsel promised him that he, Kendrick, would not be sentenced as a habitual offender and would receive a “regular sentence with gain time, etc.” If this allegation is true, then Kendrick might be entitled to relief. See Lon-ergan v. State, 495 So.2d 196 (Fla. 2d DCA), review denied, 501 So.2d 1282 (Fla. 1986) (“A guilty plea induced by a promise of defense counsel that is not kept is involuntary.”) The trial court, however, denied the motion without an evidentiary hearing and failed to attach to its order any portion of the files or record that refute Kendrick’s allegations.
Accordingly, we reverse that part of the order denying Kendrick’s motion on this ground and remand the case to the trial court. On remand, unless the case files and records conclusively show that Kendrick is not entitled to relief on this allegation the trial court shall order the state to file an answer. After receipt of the answer, the trial court shall determine whether an evidentiary hearing is required. If the trial court should summarily deny the motion again, it shall attach such portions of the record which conclusively refute Kendrick’s allegations. Any party aggrieved by the subsequent action of the trial court must file a notice of appeal within thirty days to obtain appellate review.
PARKER, A.C.J., and PATTERSON and ALTENBERND, JJ., concur.