561 So.2d 1349 (1990)
Reginald WILLIAMS, Appellant,
v.
STATE of Florida, Appellee.
No. 89-3250.
District Court of Appeal of Florida, First District.
June 1, 1990.
Reginald Williams, pro se.
No appearance for the State.
NIMMONS, Judge.
Williams appeals from an order summarily denying his Rule 3.850 motion as a "successive motion." We reverse.
In an earlier appeal, we dealt with appellant's first 3.850 motion. Our opinion is set forth as follows in its entirety:
This is an appeal from the trial court's summary denial of appellant's 3.850 motion in which he claimed that his plea of guilty was involuntarily entered because he was under the influence of prescription drugs at the time of the entry of the plea.
The trial court denied the motion, relying upon portions of the record of the proceedings below, including a negotiated plea form, none of which portions of the record was attached to the order. We would ordinarily, therefore, reverse such summary denial. However, the motion is patently insufficient in that it is not under oath as required by Rule 3.850 and also fails to include the information required by Rule 3.850(b), (c) and (d). *1350 We therefore affirm, but without prejudice to the filing of a sworn motion in conformance with the Rule. See Rowe v. State, 474 So.2d 898 (Fla. 1st DCA 1985).
Williams v. State, 539 So.2d 9 (Fla. 1st DCA 1989) ("Williams I").
Consistent with our earlier opinion, the appellant filed another motion which sought to cure the technical deficiencies found to exist in Williams I. The trial court entered the subject order of denial on the basis that it was a successive motion. This is, of course, a proper basis under Rule 3.850 for the denial of such a motion, provided that "the prior determination was on the merits." See Fla.R.Cr.P. 3.850. As can be readily seen from our earlier opinion quoted above, the prior determination was not on the merits.
We, therefore, Reverse and Remand with instructions that the trial court conduct an evidentiary hearing or, if the court denies the motion without hearing, attach to its order of denial portions of the record below conclusively establishing that the appellant is not entitled to relief.
ERVIN, J., and THOMPSON, FORD L. (Ret.), Associate Judge, concur.