SHIVERS, Chief Judge.
Appellant/defendant appeals' the trial court’s summary denial of his motion for post-conviction relief, filed pursuant to Rule 3.850, Fla.R.Crim.P., arguing that the trial court erred in finding that the motion was a successive motion raising issues which had been previously decided. The trial court’s order, dated February 23, 1990, appears to have been directed toward the third in a series of motions for post-conviction relief filed by the appellant. Although the motion itself does not appear in the record on appeal, appellant claims that *750 the motion was filed in January 1988 and that it raised the following two grounds: (1) that his original 1982 conviction was “illegally obtained due to the defendant being mentally incompetent at the time of the crime,” and (2) that the court imposed an illegal sentence by improperly “stacking” three-year minimum mandatory terms.
We find the first ground to be time-barred pursuant to Rule 3.850, which requires a person whose judgment and sentence became final prior to January 1, 1985 to file motions for post-conviction relief by January 1, 1987. In addition, because this is a ground which could or should have been raised on direct appeal, it was improperly raised via Rule 3.850.
The second ground alleges an illegal sentence and is, therefore, not time-barred under Rule 3.850. Further, although this ground appears to have been raised previously in a 1984 motion for post-conviction relief, the record indicates that the trial court did not rule at that time on the merits of the issue, but instead denied the 1984 motion on the basis that it failed to contain the proper verification required by Rule 3.850. A second motion for post-conviction relief, filed sometime in 1985, likewise appears not to have contained a ruling on the issues raised in the instant motion. Because Rule 3.850 provides that a second or successive motion may be dismissed if it fails to allege new or different grounds for relief and the prior determination was on the merits, we reverse the trial court’s denial of the second ground, and remand for further proceedings.
REVERSED and REMANDED.
JOANOS and ZEHMER, JJ., concur.