589 So.2d 368 (1991)
Michael FREEMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 91-470.
District Court of Appeal of Florida, First District.
November 12, 1991.
Michael Freeman, pro se.
Robert A. Butterworth, Atty. Gen., and Gypsy Bailey, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Chief Judge.
Michael Freeman has appealed an order of the trial court summarily denying his motion for post-conviction relief filed pursuant to Rule 3.850, Florida Rules of Criminal Procedure. We affirm, although on a different ground than that stated by the trial court.
Freeman was convicted by jury of four counts of burglary of a structure with intent *369 to commit a lewd act on a child less than 14, and was sentenced to 17 years incarceration. His conviction and sentence were affirmed in Freeman v. State, 545 So.2d 870 (Fla. 1st DCA 1989). In April 1990, Freeman filed a 3.850 motion alleging unlawful arrest, violation of his right against self-incrimination, an unconstitutional jury, and ineffective assistance of counsel. The trial court denied the motion as facially insufficient, and the instant motion alleging similar grounds was thereafter filed on September 25, 1990. The trial court denied it as well, stating, "The Court has previously entertained a motion for similar relief on behalf of the same prisoner."
Denial of a 3.850 motion as successive is proper, provided that "the prior determination was on the merits." Rule 3.850, Fla.R.Crim.P.; Williams v. State, 561 So.2d 1349, 1350 (Fla. 1st DCA 1990). The trial court did not determine Freeman's April 1990 motion on its merits, but rather held it "facially insufficient." It therefore appeared that the trial court had denied Freeman's second motion in error, and this court requested a response from the Attorney General's office pursuant to Toler v. State, 493 So.2d 489 (Fla. 1st DCA 1986). The state responded that the trial court correctly denied the motion as successive, except as to the allegation of an illegal sentence. The state urged that we nevertheless affirm, in that further examination of the allegation reveals that Freeman challenged his conviction and not his sentence.
We cannot agree that Freeman's second 3.850 motion was correctly denied as successive, in that the prior motion was never addressed on its merits. Williams. However, further review of the motion shows that each ground raised by Freeman therein could and should have been raised on direct appeal.[1] Therefore, Freeman's motion was correctly denied, albeit for the wrong reason, and we affirm. See Robinson v. State, 393 So.2d 33, 35 (Fla. 1st DCA 1981) (if a trial court's order is sustainable under any theory revealed by the record on appeal, notwithstanding that it may have been entered for erroneous reasons, the order will be affirmed).
Affirmed.
BOOTH and WOLF, JJ., concur.
NOTES
[1] Freeman alleged that 1) his conviction had been obtained by use of a coerced confession, 2) that he was illegally detained prior to his arrest, 3) that police continued to interrogate him without providing counsel, despite his indication that he desired counsel but could not afford it, and 4) his conviction was obtained by knowing use of perjured testimony.