BARKDULL, Judge.
This is an appeal from the summary denial of appellant’s 3.850 Fla.R.Crim.P. motion. In said motion he alleged that in Circuit Court Case No. 88-27773A, first, his plea of guilty/nolo contendere was not knowingly voluntarily and competently entered by him, and second, counsel was incompetent and afforded him ineffective assistance. The defendant pled guilty to armed robbery, armed burglary and two counts of kidnapping occurring on June 27, 1988. He was sentenced to 28 years with a 3 year minimum mandatory on each count to be served concurrently. He pled guilty to violation of community control/probation in Case No. 87-26978, and to carrying a concealed weapon in Case No. 86-38044. He was sentenced to 5 years on each of 4 counts to be served concurrently and to run concurrently with the sentence in Case No. 88-27773A.
This is the appellant’s second motion to vacate and it raised the same ground as the first motion, which alleged in part (a) a coerced/guilty/nolo contendere plea and (2) denial of effective assistance of counsel. Argument therein set forth the same argument contained in the instant motion to vacate. Summary denial of the first motion was affirmed by this court. See Gonzalez v. State, 577 So.2d 951 (Fla. 3d DCA 1991).
The appellant should be procedurally barred from filing the instant motion to vacate and the trial court should be affirmed. However, the appellant contends the restrictions against successive motions do not apply when the previous motion was denied because of legal insufficiency, citing Roth v. State, 479 So.2d 848 (Fla. 2d DCA 1985). The fallacy with the appellant’s argument is that in Roth the defendant was convicted pursuant to a jury trial and the errors alleged therein clearly could have had an effect on the jury’s verdict, whereas in the instant case the appellant pleaded guilty/nolo contendere pursuant to a negotiated plea.
The order under review is affirmed.
Affirmed.