609 So.2d 91 (1992)
Patrick M. McMANAMON, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1988.
District Court of Appeal of Florida, First District.
November 24, 1992.
Patrick M. McManamon pro se.
No appearance for appellee.
PER CURIAM.
Patrick M. McManamon has appealed an order of the trial court summarily denying his motion for post-conviction relief pursuant to Rule 3.850, Florida Rules of Criminal Procedure. We reverse, and remand either for entry of an order attaching those portions of the files and records conclusively showing no entitlement to relief, or for further proceedings under the rule.
McManamon pled guilty to I. racketeering, II. conspiracy to racketeer, III. kidnapping, IV. armed burglary and VI. and VII. two counts of deriving support from prostitution (Alachua County Case No. 91-1221). In April 1991, as to Counts I-IV, McManamon received concurrent sentences of 10 years incarceration to be followed by 10 years probation, conditioned on payment of $19,136 in restitution. On Counts VI and VII, McManamon received concurrent 5-year probationary terms, set to run consecutively to the sentences in Counts I-IV, and conditioned on the payment of an additional $19,136 in restitution. Thus, the total restitution imposed in Case No. 91-1221 was $38,272.[1]
In April 1992, McManamon filed the instant motion, alleging that the restitution requirements were illegal, in that the trial court had not inquired into his ability to pay. See § 775.089(6), Fla. Stat. (the court, in determining whether to order restitution and the amount of such restitution, shall consider the financial resources of the defendant and the present and potential future financial needs and earning ability of the defendant). The court summarily denied the motion, finding it refuted by McManamon's written plea agreement, in which he agreed to restitution as a part of his plea. The order purported to attach a copy of the plea agreement, but did not.
A trial court, in determining whether to order restitution and the amount of *92 such restitution, shall consider the financial resources of the defendant and the present and potential future financial needs and earning ability of the defendant. § 775.089(6), Fla. Stat. However, a defendant waives the protection of this section when he agrees to restitution as part of a plea agreement, and fails to argue an inability to pay the amount of restitution set by the court. Blasco v. State, 601 So.2d 1264, 1265 (Fla. 3d DCA 1992).
Thus, if McManamon agreed to restitution as part of his plea and failed to argue an inability to pay the amount eventually set by the court, see section 775.089(7), Florida Statutes (the burden of demonstrating the absence of potential future financial resources of the defendant and his financial needs is on the defendant), the trial court's finding of waiver would be correct.
However, although it purported to do so, the trial court herein failed to attach to its order those portions of the record conclusively showing that McManamon waived his right to an inquiry into his ability to pay. The order herein must therefore be reversed, and the case remanded either for entry of an order to which is attached those portions of the record refuting McManamon's allegations, or for further proceedings pursuant to Rule 3.850.
JOANOS, C.J., and ERVIN and ALLEN, JJ., concur.
NOTES
[1] The sentences in 91-1221 were set to run concurrently with a 15-year term imposed in Leon County Case No. 90-2576, in which case McManamon agreed as part of a plea to pay $26,272 in restitution. Thus, McManamon's restitution obligations totalled $64,544.