JOANOS, Judge.
Appellant filed a motion for post-conviction relief, alleging that restitution had been ordered without inquiry into his ability to pay, see for example McManamon v. State, 609 So.2d 91 (Fla. 1st DCA 1992) as well as ineffective assistance of counsel. The trial court apparently denied appellant’s rule 3.850 motion on the theory that it was a successive motion, and that no legal basis had been raised to attack appellant’s plea. We affirm the denial of this motion, but for a different reason. The motion itself is unsworn and therefore facially insufficient to present a claim under rule 3.850. See Black v. State, 610 So.2d 89 (Fla. 1st DCA 1992).[1]
The trial court did not abuse its discretion in denying appellant’s motion for appointment of counsel to represent him in the motion for post-conviction relief.
AFFIRMED.
LAWRENCE and DAVIS, JJ., concur.

. We note, however, that appellant's previous post-conviction motion was also denied as facially insufficient, thus the present motion is not successive, as any issues raised have yet to be decided on the merits. See Freeman v. State, 589 So.2d 368 (Fla. 1st DCA 1991). In addition, the trial court did not attach anything to the order to demonstrate that this was a successive motion, or that the claims made were refuted by a plea agreement. In fact, no plea agreement or restitution order appears in the record before this court.