PER CURIAM.
The order under review denied relief on both grounds asserted in Appellant’s second rule 3.850 motion for post conviction relief, referring to the reasons expressed in the order denying Appellant’s first motion. We affirm the denial of relief on ground two of the motion without discussion. The denial of relief on ground one, however, is reversed and the cause is remanded for further consideration upon an evidentiary hearing or for attachment of those portions of the record that conclusively show Appellant is entitled to no relief. Appellant’s first rule 3.850 motion alleged the same ground for relief as ground one, and was denied as being facially insufficient because it failed to allege that Appellant would not have entered the plea and would have chosen to go to trial had his counsel not made the alleged misstatement to him. This deficiency was cured by including such an allegation in the second motion now before us, so the motion is legally sufficient to require reversal and remand for further consideration on the merits. See Thornburg v. State, 591 So.2d 1121 (Fla. 1st DCA 1992); Freeman v. State, 589 So.2d 368 (Fla. 1st DCA 1991); Kendrick v. State, 556 So.2d 531 (Fla. 2d DCA 1990). “[The] restriction against successive motions on the same grounds is applied only when the grounds raised were previously adjudicated on their merits, and not where the previous motion was summarily denied or dismissed for legal insufficiency.” McCrae v. State, 437 So.2d 1388, 1390 (Fla.1983).
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
ZEHMER, C.J., and MICKLE and LAWRENCE, JJ., concur.