PATTERSON, Judge.
Christopher Love Tillman appeals the summary denial of his motion for postconviction relief asserting that the provisions of the plea agreement did not include $13,000.00 in restitution ordered by the court and that his attorney was ineffective for failing to object to imposition of such restitution. Tillman claims restitution was added to his sentence after the court accepted his guilty plea. The trial court’s order fails to refute all of Tillman’s allegations. Therefore, we reverse and remand as to the restitution and ineffectiveness issues as explained below.
The trial court intimates that Tillman is attempting to go behind the plea after accepting the benefits of the bargain; however, it does not provide this court with a copy of the plea agreement to support its conclusion. See McManamon v. State, 609 So.2d 91 (Fla. 1st DCA 1992). A defendant may raise the issue of the court’s failure to comply with the terms of the plea agreement in a motion for postconviction relief without having moved to withdraw the plea prior to sentencing. See Eggers v. State, 624 So.2d 336 (Fla. 1st DCA 1993).
*75 Accordingly, we reverse and remand for the court to support the denial of the motion with documentation which rebuts Tillman’s allegations that the imposition of restitution was not a part of the plea agreement and that counsel was ineffective. The court shall conduct an evidentiary hearing if the case files and records do not conclusively demonstrate that Tillman is not entitled to relief. The denial of the motion is affirmed in all other respects.
Affirmed in part, reversed in part, and remanded.
DANAHY, A.C.J., and LAZZARA, J., concur.