MICKLE, Judge.
Roy Nebraska Scott appeals from an order denying, as impermissibly successive, his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for further consideration upon an evidentiary hearing or for attachment of those portions of the record conclusively showing Scott is entitled to no relief.
Scott was convicted following a jury trial of one count of possession of cocaine. A direct appeal to this court was affirmed. Scott v. State, 600 So.2d 1 (Fla. 1st DCA 1992). In the instant motion for post-conviction relief, Scott claims his trial counsel was ineffective in failing to investigate two potential witnesses, in failing to fully advise him regarding his right to testify at trial on his own behalf, and in failing to advise the court of a potential conflict of interest. The trial court denied relief on the basis that the present motion was barred given the previous claim of ineffective assistance of counsel which had been denied.
Rule 3.850(f), which governs successive motions, provides:
A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant or the attorney to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.
The restriction against successive motions on the same grounds is applied only when the grounds raised were previously adjudicated on their merits, and not where the previous motion was summarily denied or dismissed for legal insufficiency. Purcell v. State, 641 So.2d 514 (Fla. 1st DCA 1994); Freeman v. State, 589 So.2d 368 (Fla. 1st DCA 1991); Ames v. State, 518 So.2d 465 (Fla. 1st DCA 1988). Herein, the trial court did not attach anything to its order denying relief to demonstrate that an earlier motion was denied on its merits and that the present motion was successive. If, in fact, an earlier motion submitted by Scott was summarily denied as facially insufficient, then the present motion should not be considered to be successive, as any issues have yet to be decided on the merits. Widmer v. State, 641 So.2d 174 n. 1 (Fla. 1st DCA 1994). As such, we reverse and remand for attachment of those portions of the record conclusively demonstrating Scott is entitled to no relief on the basis that the instant motion is successive, or, alternatively, for an evidentiary hearing on the claims raised in the motion.
REVERSED and REMANDED.
WEBSTER and LAWRENCE, JJ., concur.