672 So.2d 564 (1996)
James L. RANALDSON, Appellant,
v.
STATE of Florida, Appellee.
No. 95-3102.
District Court of Appeal of Florida, First District.
March 25, 1996.
Rehearing Denied May 20, 1996.
Appellant, pro se.
No appearance by the state.
WOLF, Judge.
Ranaldson challenges a denial of his rule 3.850 motion for postconviction relief. We *565 find that the trial court improperly summarily denied the motion, and we reverse.
On June 9, 1995, the appellant filed a motion for postconviction relief, with a 48-page memorandum of law. The issues addressed by the appellant in his motion and memorandum were (1) that defendant was denied effective assistance of counsel at trial; (2) defendant's pleas of guilty were not knowingly, voluntarily, nor intelligently entered; and (3) the trial court committed fundamental reversible error in accepting defendant's plea of guilty.
The court denied the defendant's motion for postconviction relief upon a finding that it was procedurally barred because it "raises claims which were previously raised in a motion for postconviction relief filed by the defendant on November 12, 1993." In his motion for rehearing, the appellant confirmed that he had filed a previous motion for postconviction relief, but he argued that since that 3.850 motion was dismissed for legal insufficiency and was not addressed on the merits, a successive motion could be filed. Neither the order, nor appellant's memorandum had attached evidence of the prior motion and ruling.
Rule 3.850(f), Florida Rules of Criminal Procedure, provides as follows:
A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits, or if new and different grounds are alleged, the judge finds that the failure of the movant or the attorney to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.
This court has consistently held in accord with the plain language of the rule quoted above that a successive motion raising the same grounds for relief can only be denied as an abuse of process if the prior determination was on the merits. See Ames v. State, 518 So.2d 465 (Fla. 1st DCA 1988); Hampton v. State, 504 So.2d 57 (Fla. 1st DCA 1987). See also Roth v. State, 479 So.2d 848 (Fla. 3d DCA 1985).
The supreme court has also held that the rule 3.850(f) restriction against successive motions on the same grounds is applied "only when the grounds raised were previously adjudicated on their merits, and not where the previous motion was summarily denied or dismissed for legal insufficiency." McCrae v. State, 437 So.2d 1388, 1390 (Fla.1983).[1] In Thompson v. State, 582 So.2d 749 (Fla. 1st DCA 1991), this court emphasizes that a second or successive 3.850 motion may only be dismissed if "[the motion] fails to allege new or different grounds for relief and the prior determination was on the merits." Id. at 750 (emphasis in original).
From the record in the instant case, it is not apparent whether the appellant's successive motion raised the same claims as before, or whether the prior motion was denied on the merits. The trial court's order denying the motion merely states that the motion is procedurally barred because the claims were previously raised in a motion for postconviction relief. If the denial of the motion was based on the supposition that the mere filing of a previous motion for postconviction relief precludes any consideration of a second or successive motion, then the court's order is in error. See McCrae, supra. As in McCrae, where the exact basis of the order denying the motion is not clear, it is necessary to remand the case to the circuit court for a clarifying statement or for attachments, or for further proceedings consistent with this opinion.
JOANOS and VAN NORTWICK, JJ., concur.
NOTES
[1] The case cited by the trial court in the order denying the appellant's postconviction relief, Davis v. State, 589 So.2d 896 (Fla.1991), merely states that "claims that have been previously raised are procedurally barred," without emphasizing the portion of the rule which requires that the grounds which were previously raised have been adjudicated on their merits, as was emphasized by the supreme court in McCrae and by this court in Hampton and Ames.