PER CURIAM.
Ronald Buckles challenges the summary denial of his rule 3.850 motion for post-conviction relief. We find that the trial court improperly denied the motion, and reverse.
On September 11, 1995, Buckles filed a motion for post-conviction relief. The trial court denied Buckles’ motion for post-conviction relief upon a finding that it was procedurally barred because it raised claims which had been previously raised by Buckles in an earlier 3.850 motion. In Buckles’ motion for rehearing, Buckles confirmed that he had filed a previous 3.850 motion for post-conviction relief, but argued that since the previous 3.850 motion was dismissed for legal insufficiency and thus, not addressed on the merits, a successive motion could be filed. Neither the trial court’s order, nor appellant’s 3.850 motion or motion for rehearing attached evidence of the prior 3.850 motion and ruling.
Rule 3.850(f), Florida Rule of Criminal Procedure, provides as follows:
A second or successive motion may be dismissed if the judge finds that it failed to allege new or different grounds for relief and the 'prior determination was on the merits....
(Emphasis added.) This court has consistently held that a successive motion raising the same grounds for relief can only be denied as an abuse of process if the prior determination was on the merits. See Ames v. State, 518 So.2d 465 (Fla. 1st DCA 1988).
It is not apparent from the record whether Buckles’ successive motion raised the same claims as before, or whether the prior motion was denied on the merits. The trial court’s order denying the motion merely states that the motion is denied because it is successive within the meaning of Rule 3.850. Since the exact basis of the order denying the motion is not clear, we remand to the circuit court for attachments, or for further proceedings consistent with this opinion.
REVERSED and REMANDED.
ALLEN and MICKLE, JJ., and SHIVERS, Senior Judge, concur.