687 So.2d 950 (1997)
Gino L. BROWNING, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1628.
District Court of Appeal of Florida, First District.
February 14, 1997.
*951 No brief filed for Appellant.
No brief filed for Appellee.
MICKLE, Judge.
Appellant challenges the denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand.
Appellant was convicted following a jury trial of aggravated battery and disorderly conduct. A direct appeal to this court was affirmed. Browning v. State, 636 So.2d 509 (Fla. 1st DCA 1994). An earlier 3.850 motion, alleging ineffective assistance of counsel, was denied. An appeal from that denial was voluntarily dismissed by appellant. Thereafter, appellant filed the instant 3.850 motion, asserting that his second motion was not procedurally barred as successive because the denial of relief with regard to the first motion was not on the merits and because the court had failed to attach portions of the record refuting the claims for relief. In the instant motion, appellant set forth several claims of ineffective assistance of counsel. The lower court denied relief on the basis that the present motion was barred as successive given the previous motion which had been denied as being insufficient as a matter of law. Although the order states that "[c]opies of the record demonstrating no entitlement to relief are attached," no such attachments appear in the record on appeal.
Rule 3.850(f), Florida Rule of Criminal Procedure, which governs successive motions, provides that a second or successive motion may be dismissed if the judge finds that it failed to allege new or different grounds for relief and the prior determination was on the merits. The restriction against successive motions on the same grounds is applied only when the grounds raised were previously adjudicated on their merits, and not where the previous motion was summarily denied or dismissed as legally insufficient. Ranaldson v. State, 672 So.2d 564 (Fla. 1st DCA 1996); Scott v. State, 658 So.2d 558 (Fla. 1st DCA 1995). The lower court herein did not attach anything to its order denying relief. It is thus not apparent from the record whether appellant's second motion raised the same claims as before, or whether the prior motion was denied on the merits. If, in fact, the earlier motion was summarily denied as facially insufficient, then the present motion should not be considered successive, as any issues have yet to be decided on the merits. See Widmer v. State, 641 So.2d 174 n. 1 (Fla. 1st DCA 1994). As such, we reverse and remand for attachment of those portions of the record conclusively demonstrating that appellant is entitled to no relief on the basis that the instant motion is successive, or, alternatively, for consideration, upon an evidentiary hearing if necessary, of the claims raised in the motion. See e.g. Ames v. State, 518 So.2d 465 (Fla. 1st DCA 1988).
REVERSED and REMANDED.
ALLEN and WEBSTER, JJ., concur.