699 So.2d 810 (1997)
Anthony Kim MITCHELL, Appellant,
v.
STATE of Florida, Appellee.
No. 96-3284.
District Court of Appeal of Florida, First District.
September 25, 1997.
*811 Appellant, pro se.
Robert Butterworth, Attorney General, Tallahassee, for appellee.
PER CURIAM.
The appellant challenges an order by which his postconviction motion, filed pursuant to Florida Rule of Criminal Procedure 3.850, was denied by the trial court as procedurally barred. The trial court found that appellant had previously filed a 3.850 motion, the denial of which was affirmed on appeal, and that he failed to allege in the instant motion any additional grounds upon which relief could be granted. The instant record does not contain the prior motion and order thereon, and this court's file in the 1994 appeal of the prior motion no longer contains that motion or order thereon. We reverse and remand.
Based on the language of the trial court's order, the exact basis for its denial is not clear. If the trial court simply denied the motion by reasoning that the mere filing of a previous 3.850 motion precludes any consideration of a second or successive motion, it was incorrect. See Buckles v. State, 674 So.2d 908 (Fla. 1st DCA 1996); Ranaldson v. State, 672 So.2d 564 (Fla. 1st DCA 1996). Without the prior motion and order thereon, it is not apparent whether the instant motion raised the same claims as before, and if so, whether it was denied on the merits, or whether the instant motion raised additional claims which could have been raised in the previous motion.
Therefore, we must reverse and remand for attachment of records conclusively demonstrating Mitchell is not entitled to any relief, or for further proceedings consistent with rule 3.850. See Kiser v. State, 625 So.2d 127 (Fla. 1st DCA 1993). On remand, pursuant rule 3.850(f), the trial court must consider any claims which were raised in the prior motion, unless such were previously denied on the merits. See Zeigler v. State, 632 So.2d 48 (Fla.1993); Scott v. State, 658 So.2d 558 (Fla. 1st DCA 1995).
BARFIELD, C.J., and ERVIN and BENTON, JJ., concur.