PER CURIAM.
Joseph Wiley appeals the denial of his motion for post-conviction relief pursuant to rule 3.850, Florida Rules of Criminal Procedure. Appellant’s motion, his second motion for post-conviction relief, raised three separate claims for ineffective assistance of counsel. We find claims one and three legally insufficient and affirm as to those claims. We do find that appellant’s second issue raises a colorable claim that his trial counsel was ineffective for failure to call a witness who would have given exculpatory testimony. Highsmith v. State, 617 So.2d 825, 826 (Fla. 1st DCA 1993); see also Marrow v. State, 715 So.2d 1075 (Fla. 1st DCA 1998). The trial court summarily denied appellant’s motion on the ground that it was an abuse of process, but the trial court’s order denying relief did not attach the prior motion or the order thereon. Accordingly, the record does not conclusively refute appellant’s contention that his prior motion was denied because it was legally insufficient and that his present motion for post-conviction relief is not a second or successive motion precluded by rule 3.850(f), Florida Rules of Criminal Procedure. Mitchell v. State, 699 So.2d 810, 811 (Fla. 1st DCA 1997). Therefore, as to the second claim of ineffective assistance of counsel, we reverse and remand for the attachment of records conclusively demonstrating appellant is not entitled to any relief or for further proceedings under rule 3.850.
AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings consistent with this opinion.
ALLEN, WEBSTER AND VAN NORTWICK, JJ., CONCUR.