741 So.2d 1146 (1999)
Antonio WRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 99-01095.
District Court of Appeal of Florida, Second District.
August 6, 1999.
*1147 Antonio Wright, pro se.
ALTENBERND, Judge.
Antonio E. Wright appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The trial court denied the motion as being impermissibly successive. We reverse.
In June 1997, Mr. Wright entered an open plea to all the charges in a ten-count information. On August 1, 1997, he was sentenced as a habitual violent felony offender to a total of 25 years in prison with a 15-year minimum mandatory. On the same day Mr. Wright was sentenced, he filed a pro se motion to withdraw his plea. Three days later, he filed a second motion in which he also requested to withdraw his plea. This second motion is a more typical postconviction motion.
On August 12, 1997, the trial court held a very brief hearing to determine whether Mr. Wright's counsel should be permitted to withdraw from representing Mr. Wright because Mr. Wright had filed the pro se motion to withdraw his plea. After this hearing, the court denied without explanation Mr. Wright's first motion to withdraw his plea.
In September 1997, the trial court considered Mr. Wright's postconviction motion that had been filed three days after sentencing. The trial court dismissed this motion on the ground that Mr. Wright alleged he had an appeal pending before this court. The court specifically stated that Mr. Wright could refile his motion once this appeal was concluded. It appears that, contrary to Mr. Wright's representation, no appeal was pending before this court. In March 1998, Mr. Wright filed the motion for postconviction relief that is the subject of this appeal.
Rule 3.850(f) provides that a second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and that the court's determination of the prior motion was made on the merits. Thus, a successive motion that raises the same grounds as a prior motion may not be dismissed if those grounds were not previously adjudicated on their merits. See Browning v. State, 687 So.2d 950 (Fla. 1st DCA 1997).
In this case, the trial court denied Mr. Wright's March 1998 motion as being successive because it had previously denied Mr. Wright's motion filed on the day of sentencing. Under the procedural complexities of this case, we cannot say that either the first motion or Mr. Wright's postconviction motion filed three days after sentencing was denied on the merits. Rather, from the record before us, it appears that the trial court has summarily rejected, without explanation, all of Mr. Wright's previous attempts to withdraw his plea. Our conclusion is buttressed by the fact that in September 1997 the trial court told Mr. Wright he could refile a postconviction motion.
Accordingly, we remand this case to the trial court to reconsider Mr. Wright's March 1998 postconviction motion. On remand, unless the case files and records conclusively show Mr. Wright is not entitled to relief, the trial court shall order the State to file an answer. Thereafter, the trial court shall determine whether an evidentiary hearing is required. If the trial court summarily denies the motion again, it shall attach those portions of the record that conclusively refute Mr. Wright's claims.
Reversed and remanded.
PARKER, A.C.J., and NORTHCUTT, J., Concur.