PER CURIAM.
George B. Watson appeals the summary denial of his “renewed motion for postcon-viction remedy, request for judicial notice” filed pursuant to Florida Rule of Criminal Procedure 3.850. The trial court denied the motion as being successive and an abuse of procedure under rule 3.850(f). We reverse.
Watson had previously filed a rule 3.850 motion raising similar claims to those in his renewed motion. The trial court had ordered the State to respond to the prior motion and determined that the response did not conclusively refute Watson’s claims. It accordingly scheduled the motion for an evidentiary hearing. Watson’s counsel withdrew the motion at that hearing before the trial court ruled on its merits.
Under these circumstances, we conclude that Watson’s renewed motion was not successive of his prior motion, nor did it constitute an abuse of procedure. See Cabrera v. State, 721 So.2d 1190, 1191 (Fla. 2d DCA 1998) (holding defendant’s second rule 3.850 motion was “not successive as his first motion was voluntarily dismissed before the trial court could rule on its merits”); Bryant v. State, 737 So.2d 599, 600 (Fla. 4th DCA 1999) (noting that because rule 3.850 motion “was dismissed before the trial court could consider it on the merits, a subsequent motion will not be considered successive”); see also Wright v. State, 741 So.2d 1146, 1147 (Fla. 2d DCA 1999) (holding that a rule 3.850 motion “that raises the same grounds as a prior motion may not be dismissed if those grounds were not previously adjudicated on their merits”). The trial court erred in denying it on those grounds.
We accordingly reverse. Upon remand, the trial court shall reconsider Watson’s renewed motion on its merits. The trial court shall determine whether an eviden-tiary hearing is required. If the trial court summarily denies the motion, it shall attach those portions of the record that conclusively refute Watson’s claims.
Reversed.
FULMER, A.C.J., and GREEN and DAVIS, JJ., Concur.