814 So.2d 1220 (2002)
Gino BROWNING, Petitioner,
v.
STATE of Florida, Respondent.
No. 1D01-4746.
District Court of Appeal of Florida, First District.
April 26, 2002.
Gino Browning, pro se, petitioner.
Robert A. Butterworth, Attorney General, and Alan R. Dakan, Assistant Attorney General, Tallahassee, for respondent.
PER CURIAM.
In Browning v. State, 687 So.2d 950 (Fla. 1st DCA 1997), this court reversed an order which summarily denied a motion for postconviction relief and remanded with directions to either attach portions of the record showing that the movant was not entitled to relief or to conduct an evidentiary hearing. Apparently Browning was thereafter conditionally released but has now been returned to custody. His motion for action on his Rule 3.850 motion has been denied but the 3.850 motion, as far as can be ascertained by this court, has never been ruled upon.
Browning petitions for a writ of mandamus, asking this court to compel a disposition of the Rule 3.850 motion. Having considered the State's response, we find that petitioner is entitled to relief. If his release from custody was or is a basis to deny postconviction relief, the proper course was for the circuit court to issue an order so stating, not to leave the case in limbo indefinitely. Kramp v. Fagan, 568 So.2d 479 (Fla. 1st DCA 1990).
*1221 We accordingly grant Browning's petition and issue our writ of mandamus, directing that the trial court render an order on the merits of petitioner's motion for postconviction relief, or schedule a hearing on the merits of the motion. In either event, action shall be taken within 30 days of this opinion becoming final.
PETITION GRANTED.
WEBSTER, LEWIS and POLSTON, JJ., concur.