643 So.2d 1175 (1994)
Keith Michael RAGAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 94-2188.
District Court of Appeal of Florida, Third District.
October 12, 1994.
*1176 Keith Michael Ragan, in pro. per.
Robert A. Butterworth, Atty. Gen., for appellee.
Before BARKDULL, LEVY and GREEN, JJ.
BARKDULL, Judge.
Appellant seeks review of the trial court's denial of a 3.850 motion for postconviction relief.
This is appellant's second motion for post-conviction relief. Prior to the instant motion, appellant filed a 3.850 motion in which he alleged that he was denied effective assistance of counsel. That motion was denied by the trial court on May 19, 1994. In the motion sub judice, appellant once again complains that he was denied effective assistance of counsel. However, in this motion appellant raises new grounds to support the allegation. Specifically, appellant complains that had counsel conducted an adequate investigation he would have discovered that the state did not have enough evidence to prove a prima facie case of the crimes charged. In turn, appellant urges that he would not have pleaded guilty had he been aware of this claim.
Appellant fails to recognize that he cannot raise claims of ineffective assistance of counsel on a piecemeal basis by filing successive motions. Francis v. Barton, 581 So.2d 583 (Fla. 1991) cert. denied, 501 U.S. 1245, 111 S.Ct. 2879, 115 L.Ed.2d 1045 (1991); Jones v. State, 591 So.2d 911 (Fla. 1991). Where an initial motion for postconviction relief raises the claim of ineffective assistance of counsel, the trial court may deny a successive motion which raises additional grounds for ineffective assistance of counsel if abuse of process is evident. Card v. Dugger, 512 So.2d 829 (Fla. 1987). To overcome this bar, the movant must allege that the grounds asserted were not known and could not have been known at the time of the initial motion. Christopher v. State, 489 So.2d 22, 24 (Fla. 1986).
Although appellant alleges the discovery of new facts in order to avoid application of the abuse of process doctrine, he has failed to demonstrate that the facts could not have been known to him at the time of his earlier motion. Having failed to show any justification for his failure to raise the present claims in his initial postconviction motion, the instant motion constitutes abuse of process. See Foster v. State, 614 So.2d 455 (Fla. 1992); Spaziano v. State, 545 So.2d 843 (Fla. 1989); Tafero v. State, 524 So.2d 987, 988 (Fla. 1987); Booker v. State, 503 So.2d 888, 889 (Fla. 1987); Christopher, 489 So.2d at 25. Thus, appellant's motion is procedurally barred. Even if there were no procedural bar, appellant's claim would not succeed. Assuming that the allegations are true, appellant has not shown that the outcome of the trial would have been different had the public defender conducted further investigation. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). According to the facts recited in appellant's motion, the evidence was sufficient to support a prima facie case of the crimes charged.
Therefore, the trial judge's denial of the motion is affirmed.
Affirmed.