702 So.2d 221 (1997)
Thomas Dewey POPE, Appellant,
v.
STATE of Florida, Appellee.
No. 89084.
Supreme Court of Florida.
December 4, 1997.
Rehearing Denied February 19, 1998.
*222 Todd G. Scher, Chief Assistant CCRC, Capital Collateral Regional Counsel, Miami, for Appellant.
Robert A. Butterworth, Attorney General and Sara D. Baggett, Assistant Attorney General, West Palm Beach, for Appellee.
PER CURIAM.
Thomas Dewey Pope appeals an order entered by the trial court below pursuant to Florida Rule of Criminal Procedure 3.850. We have jurisdiction. Art. V, § 3(b)(1), (7), Fla. Const. We affirm the trial court's denial of the motion.
Pope was convicted of three counts of firstdegree murder for the murder of three victims, and this court affirmed in Pope v. State, 441 So.2d 1073 (Fla.1983). The jury recommended the death penalty.
Pope filed a petition for writ of habeas corpus with this Court alleging ineffective assistance of appellate counsel, which was denied in Pope v. Wainwright, 496 So.2d 798 (Fla.1986). He then filed a rule 3.850 proceeding alleging ineffective assistance of trial counsel, the denial of which was affirmed in Pope v. State, 569 So.2d 1241 (Fla.1990). Pope filed a petition for writ of habeas corpus in the United States District Court for the Southern District of Florida on September 4, 1991. The State argued that some of the claims presented had not been exhausted in the state courts. On March 28, 1994, the petition was dismissed as a mixed petition and Pope was allowed to return to state court to exhaust the nonexhausted claims.
Pope then filed another rule 3.850 motion in the trial court. Just before the state filed its response, Pope filed several pro se motions: Motion to Hold Proceedings in Abeyance Pending Resolution of Status of Representation, Motion for Hearing to Determine Competency of Appointed Collateral Counsel and Consolidated Motion for the Appointment of the Capital Collateral Representative, and an amended rule 3.850 motion. Pope's volunteer counsel filed a motion to withdraw. The court held that volunteer counsel would remain until it ruled on the pending rule 3.850 motions, but would then be allowed to withdraw. Pope filed a pro se motion to appoint "conflict-free counsel" because the court had allowed volunteer counsel to withdraw, but only after resolution of the rule 3.850 motions. The court denied the rule 3.850 motions and the motion to appoint conflict-free counsel. The court entered an order that the Office of the Capital Collateral Representative would be the appropriate counsel to represent Pope in any further proceedings. This appeal followed.
Pope argues (1) that he received ineffective assistance of trial counsel, (2) that the jury was given unconstitutionally vague instructions *223 on aggravating factors and that counsel was ineffective for failing to adequately object, and (3) that it was error for the trial court to deny both Pope's motion to appoint conflict-free counsel and amended motion for postconviction relief.
The state argues that under the version of rule 3.850 in effect at the time Pope's conviction became final (February 15, 1984), he had until January 1, 1987 to file a motion for postconviction relief unless the facts were unknown or could not have reasonably been ascertained or there was a fundamental constitutional right established later and held to operate retroactively. Also, the state argues that this is a successive motion: Pope could have and should have raised these claims in his original rule 3.850 motion. Pope argues that, because of the unique circumstances in this case, we should overlook the procedural default.
We do not overlook procedural default lightly. Rule 3.850 expressly provided:
(b) Time Limitations. A motion to vacate a sentence that exceeds the limits provided by law may be filed at any time. No other motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final unless it alleges that
(1) the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence, or
(2) the fundamental constitutional right asserted was not established within the period provided for herein and has been held to apply retroactively.
Any person whose judgment and sentence became final prior to January 1, 1985, shall have until January 1, 1987, to file a motion in accordance with this rule.
Fla. R.Crim. P. 3.850 (1985).[1] Pope's conviction and sentence became final February 17, 1983, the date mandate issued from this Court. Accordingly, he had until January 1, 1987, to file a motion under this rule.
We have clearly held that successive postconviction relief motions that were filed after the expiration of the time limit must be based on newly discovered evidence. See, e.g., Porter v. State, 653 So.2d 374 (Fla.), cert. denied 514 U.S. 1092, 115 S.Ct. 1816, 131 L.Ed.2d 739, (1995); see also Parker v. Dugger, 550 So.2d 459 (1989) (defendant convicted of murder who had taken direct appeal to the Florida Supreme Court and later brought petition for postconviction relief which was denied by Court was barred from bringing second motion for postconviction relief). Here, Pope has not alleged new or previously unknown evidence. Neither has he alleged that a fundamental constitutional right has been established which should apply retroactively to his case. His motion alleges ineffective assistance of counsel, which he has raised before.
A defendant may not raise claims of ineffective assistance of counsel on a piecemeal basis by filing successive motions. Jones v. State, 591 So.2d 911 (Fla.1991). Where a previous motion for postconviction relief raised a claim of ineffective assistance of counsel, a trial court may summarily deny a successive motion which raises an additional ground for ineffective assistance of counsel. Card v. Dugger, 512 So.2d 829 (Fla. 1987). Accordingly, it was proper for the trial court to summarily dismiss the claims here: they had already been raised in previous motions.
Pope's claim that there were unconstitutionally vague jury instructions on the "heinous, atrocious, or cruel" (HAC) and "cold, calculated, and premeditated" (CCP) aggravating factors is procedurally barred. Pope argues that his jury was given the CCP instruction this Court found deficient in Jackson v. State, 648 So.2d 85 (Fla.1994). However, we have made it clear that claims that the CCP instruction is unconstitutionally vague are procedurally barred unless a specific objection is made at trial and pursued on appeal. The objection at trial must attack the instruction itself, either by submitting a *224 limiting instruction or by making an objection to the instruction as worded. See Walls v. State, 641 So.2d 381, 387 (Fla.1994), cert. denied, 513 U.S. 1130, 115 S.Ct. 943, 130 L.Ed.2d 887 (1995). Claims that the HAC instruction is unconstitutionally vague are also procedurally barred unless a specific objection is made at trial on that ground and pursued on appeal. James v. State, 615 So.2d 668, 669 (Fla.1993). Pope acknowledges that there was no objection; his claim is barred.
Additionally, there was no error in the trial court's denying Pope's motion to appoint conflict-free counsel and dismissing his amended motion for postconviction relief. In so ruling on the motions, the court wrote:
Defendant's Motion for Postconviction Relief is successive; therefore, it is procedurally barred and may be dismissed.... Moreover, Defendant's Motion to Appoint Conflict-Free Counsel merely reiterates a previous request that was denied by this Court in its Order of February 5, 1996.... Thus, the current Motion must be summarily denied.
On February 5, 1996, the court issued an Order on Volunteer Counsel's Motion to Withdraw, stating that when the court ruled on the pending rule 3.850 motions, volunteer counsel's motion to withdraw would be granted. The court did not find a conflict of interest; it allowed counsel to withdraw at his own request. Moreover, the court appointed the Capital Collateral Representative to represent Pope in any further proceedings. There was no error in denying Pope's motions.
Because we find that Pope's claims are procedurally barred, we affirm the trial court's dismissal of his rule 3.850 motion.
It is so ordered.
OVERTON, SHAW, HARDING and WELLS, JJ., and GRIMES, Senior Justice, concur.
KOGAN, C.J., and ANSTEAD, J., concur in result only.
NOTES
[1] The current version of the rule omits the preand post-1985 distinction, but retains time limits of one and two years for capital and noncapital cases respectively, as well as the requirement that motions filed beyond these time limits be grounded either on previously unavailable facts or on a constitutional right held to apply retroactively. See Fla. R.Crim. P. 3.850(b).