PER CURIAM.
Raul Jesus Roque appeals the trial court’s order denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, and the trial court’s order denying his motion for rehearing. We affirm the trial court’s denial of relief on the issues presented in the 3.850 petition filed October 22, 1999, because the issues are procedurally barred as they should have and could have been raised on direct appeal, see. Byrd v. State, 597 So.2d 252, 254 (Fla.1992) (holding that post-conviction relief cannot be based on grounds which either were or could have been raised on direct appeal); Morejon v. Moore, 738 So.2d 1034 (Fla. 3d DCA 1999)(same), or are conclusively refuted by the record, see Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). We have no jurisdiction to *145 review the additional two issues raised by the defendant in his “Addendum to Motion for Post Conviction Relief’ filed four months after the original 3.850 motion and almost one month after the trial court rendered its final order denying relief on the original motion. See McConn v. State, 708 So.2d 308 (Fla. 2d DCA 1998); Ragan v. State, 643 So.2d 1175 (Fla. 3d DCA 1994).
Affirmed.