931 So.2d 928 (2006)
Mario J. MANCEBO, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-2951.
District Court of Appeal of Florida, Third District.
March 1, 2006.
Rehearing and Rehearing Denied June 21, 2006.
Mario J. Mancebo, in proper person.
Charles J. Crist, Jr., Attorney General, and Angel L. Fleming, Assistant Attorney General, for appellee.
Before COPE, C.J., and GERSTEN and SUAREZ, JJ.
Rehearing and Rehearing En Banc Denied June 21, 2006.
COPE, C.J.
Mario J. Mancebo appeals an order denying his second motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850. We remand for further proceedings.
The trial court denied the motion filed by defendant-appellant Mancebo as being impermissibly successive. We conclude that the bar of successiveness does not apply under the facts of this case.
The defendant was convicted of armed robbery. The conviction and sentence were affirmed by this court and the Florida Supreme Court denied review. See Mancebo v. State, 793 So.2d 1093 (Fla. 3d DCA 2001), review denied, 819 So.2d 137 (Fla.2002).
The defendant filed a timely Rule 3.850 motion ("the 2003 motion"). The trial court summarily denied the 2003 motion in a form order which stated in part that the *929 court had examined the "motion and finding that the allegations contained therein do not constitute legal grounds for granting the New Trial or release of the prisoner, and the motion being insufficient in substance to support the relief prayed, ... the motion . . . is hereby denied." Order, July 1, 2003.
In 2004, the defendant filed a timely Rule 3.850 motion. ("the 2004 motion"). The trial court denied the motion stating that it "is duplicitousthis court has already denied the allegations as refuted by the trial transcripts and the record, and as not meeting the second prong of Strickland v. Washington, [466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984),] (see attached transcript)." Order, July 8, 2005. Attached was the transcript of the argument of counsel on the 2004 motion.
We conclude that the bar of successiveness was not properly applied here. Rule 3.850(f) provides as follows:
(f) Successive Motions. A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant or the attorney to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.
When the trial court denied the 2003 motion, it did not indicate that the denial was on the merits. There were no record excerpts attached to the order of denial. Instead, the language used in the 2003 order stated that the allegations of the motion did not constitute legal grounds for relief, and that the motion was insufficient in substance to support the relief prayed. This was a denial for legal insufficiency. See Roth v. State, 479 So.2d 848, 849 (Fla. 3d DCA 1985).
Because there was no denial on the merits and the 3.850 time limit had not expired, the defendant was allowed to file a second Rule 3.850 motion in an attempt to allege legally sufficient claims. The 2004 motion amounted to an amended pleading, since it raised the same eight issues but with a modified or restated text.
Under this court's standard of review, we must reverse the summary denial of a postconviction motion unless the record shows conclusively that the appellant is not entitled to relief. See Fla. R.App. P. 9.141(b)(2)(D). Because the record now before us fails to make the required showing, we reverse the order of denial and remand for an evidentiary hearing or for the attachment of record excerpts conclusively showing that the appellant is not entitled to any relief.
Reversed and remanded for further proceedings consistent herewith.