ROTHENBERG, Judge.
The defendant, James L. Bond, appeals the trial court’s denial of his motion for posteonvietion relief filed pursuant to Florida Rule of Criminal Procedure 3.850. As we conclude that the claims raised in the instant motion are claims which were previously raised or are claims which could have been raised in the defendant’s previous 3.850 motions, we affirm.
On February 25, 2002, the defendant pled guilty in Case No. 00-24.589 to possession of a firearm by a convicted felon and other charges, and in Case No. 00-14939 to strong arm robbery. On March 27, 2002, he was sentenced to ten years as a habitual violent offender with a ten-year minimum mandatory on each case, with the sentences running concurrent with each other.
On November 6, 2002, the defendant filed his first 3.850 motion, which was filed as to Case No. 00-24539 only. All three grounds raised alleged ineffective assistance of trial counsel. This motion was denied by the trial court on February 12, 2003, as the defendant’s claims were refuted by the record, and this court affirmed the trial court’s denial on May 28, 2003. See Bond v. State, 847 So.2d 477 (Fla. 3d DCA 2003).
On April 22, 2004, the defendant filed another motion for postconviction relief pursuant to rule 3.850 under both case numbers, 00-24539 and 00-14939, again alleging various claims of ineffective assistance of counsel. This was his second 3.850 motion filed in Case No. 00-24539 and his first 3.850 motion filed in Case No. 00-14939. The motion was denied by the *1044 trial court on May 24, 2004, and affirmed by this court on appeal on September 22, 2004. Bond v. State, 883 So.2d 807 (Fla. 3d DCA 2004).
In January 2005, the defendant filed a motion under both case numbers for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.800, which was denied by the trial court on March 8, 2005, and affirmed on appeal by this court on May 25, 2005. Bond v. State, 902 So.2d 287 (Fla. 3d DCA 2005).
On November 18, 2005, the defendant filed the instant 3.850 motion for postcon-viction relief under both ease numbers, alleging various claims of ineffective assistance of counsel. As this is the defendant’s third 3.850 motion in Case No. 00-2Í539 and his second such motion in Case No. 00-14939, and we conclude that the claims raised were previously raised or could have been raised in the defendant’s prior 3.850 motions, we affirm the trial court’s denial of the instant motion. See Zeigler v. State, 632 So.2d 48, 51 (Fla. 1993); Foster v. State, 614 So.2d 455, 458 (Fla.1992); Franklin v. State, 923 So.2d 1199, 1199 (Fla. 3d DCA 2006); Ragan v. State, 643 So.2d 1175, 1176 (Fla. 3d DCA 1994).
Affirmed.