937 So.2d 223 (2006)
Kevin McKENLEY, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D06-783.
District Court of Appeal of Florida, Third District.
September 1, 2006.
*224 Kevin McKenley, in proper person.
Charles J. Crist, Jr., Attorney General, and Meredith L. Balo, Assistant Attorney General, for appellee.
Before CORTIÑAS, ROTHENBERG, and LAGOA, JJ.
PER CURIAM.
The defendant, Kevin McKenley, appeals the trial court's denial of his third motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. The trial court denied relief finding that the defendant's motion was successive. We affirm.
The defendant pled guilty to two counts of armed robbery with a weapon and was sentenced to ten years in prison.
On July 13, 2005, the defendant filed a motion to withdraw his guilty plea, alleging that his plea was not voluntary and that he was denied effective assistance of counsel. The trial court denied his motion based on the transcript of the plea colloquy which conclusively refuted the defendant's allegations. In its order denying the defendant's motion for post-conviction relief, the trial court cited to several passages from the plea colloquy which demonstrated the defendant's voluntariness to enter the plea and his satisfaction with his attorney.
On December 28, 2005, the defendant filed a second motion for post-conviction relief in which he argued ineffective assistance of counsel. The trial court denied his motion finding that the defendant cannot present grounds for post-conviction relief in a piecemeal fashion. See Francis v. State, 581 So.2d 583 (Fla.1991); Ragan v. State, 643 So.2d 1175 (Fla. 3d DCA 1994)(finding that, to overcome a bar on raising claims of ineffective assistance of counsel in a piecemeal fashion by filing successive motions, the defendant must allege that the grounds asserted in a successive motion were not known and could not have been known at the time of the initial motion).
On February 8, 2006, the defendant filed his third motion for post-conviction *225 relief in which he again alleged that he was denied effective assistance of counsel. The trial court denied it on the ground that it was successive. The trial court also noted that the defendant risks forfeiture of prison gain time as a possible sanction for filing repeated and frivolous motions. See Duncan v. State, 728 So.2d 1237 (Fla. 3d DCA 1999)(cautioning that a prisoner's gain time is subject to forfeiture if he or she is found to have brought a frivolous suit, action, claim, proceeding, or appeal in any court).
A trial court may dismiss a successive motion for post-conviction relief that had previously been adjudicated on the merits. Christopher v. State, 489 So.2d 22, 24-25 (Fla.1986); see also Fla. R.Crim. P. 3.850. According to Rule 3.850,
[a] second or successive motion [for post-conviction relief] may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant or the attorney to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.
Fla. R.Crim. P. 3.850(f). A trial court may also dismiss a successive motion for post-conviction relief which raises additional grounds for ineffective assistance of counsel, if abuse of process is evident. See Ragan, 643 So.2d at 1176 (citing Card v. Dugger, 512 So.2d 829 (Fla.1987)). To avoid the application of the abuse of process doctrine, the movant must allege that the assertions in the successive motion were not known or could not have been known at the time of the initial motion. Christopher v. State, 489 So.2d 22, 24 (Fla. 1986). The movant must also show justification for the failure to raise the asserted issues in the initial motion. Id.
The defendant's reliance on Mancebo v. State, 931 So.2d 928 (Fla. 3d DCA 2006), is misplaced because it is distinguishable from the instant case. In Mancebo, we found that the bar on filing successive motions for post-conviction relief did not apply to the facts of that case because the initial motion did not indicate that the denial was on the merits. Instead, in its order denying the first motion, the trial court "stated that the allegations of the motion did not constitute legal grounds for relief, and that the motion was insufficient in substance to support the relief prayed." Mancebo, 931 So.2d at 929. The trial court denied the original motion on the basis of legal insufficiency. Therefore, the defendant's second motion for post-conviction relief amounted to an amended motion attempting to include legally sufficient claims. Id.
In the instant case, the trial court's denial of the defendant's first motion for post-conviction relief was on the merits and the trial court supported its denial with quotes from the plea colloquy transcript. Here, the defendant failed to allege any new grounds for his claim of ineffective assistance of counsel. Therefore, the trial court properly denied the defendant's motion for post-conviction relief as the motion was successive, and failed to include any new grounds, with justification for the defendant's failure to present the asserted grounds in the initial motion. See Ragan, 643 So.2d at 1176.
Accordingly, the trial court's order denying the defendant's motion for post-conviction relief is affirmed.
Affirmed.