940 So.2d 1280 (2006)
Nedor HYACINTHE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-3202.
District Court of Appeal of Florida, Fourth District.
November 8, 2006.
Nedor Hyacinthe, Okeechobee, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Nedor Hyacinthe appeals the summary denial of his Florida Rule of Criminal Procedure 3.850 motion. The trial court ruled that Hyacinthe's motion was successive and an abuse of procedure. Fla. R.Crim. P. 3.850(f). The court noted that Hyacinthe had filed two prior motions, neither one of which was considered on the merits. Hyacinthe's first motion was stricken because the court lacked jurisdiction while a direct appeal was pending, and the second motion was found to be legally insufficient where it failed to allege facts to support the claims of ineffective assistance of counsel. See Fla. R.Crim. P. 3.850(c)(6) (requiring movant to state the facts supporting the motion). The trial court did not reach the merits of this second motion because it found that the motion merely stated conclusions of law without any factual explanation.
Rule 3.850(f) provides:
A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant or the attorney to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.
The instant motion alleged new grounds for ineffective assistance of counsel. The state argues that the trial court properly *1281 determined that Hyacinthe abused the post-conviction process by raising new claims, even though none of Hyacinthe's prior motions were determined on the merits. We disagree.
The abuse of process doctrine does not apply where the trial court has not previously ruled on the merits of a post-conviction claim in the case and the movant seeks to raise new claims in a different motion. See Christopher v. State, 489 So.2d 22, 24 (Fla.1986) (discussing the abuse of process doctrine and the adoption of rule 3.850(f)). As noted by Hyacinthe in his response to this court, a 3.850 movant has the right to amend or supplement a motion at any time within the two-year time limit as long as the trial court has not yet ruled on the merits of the motion. Gaskin v. State, 737 So.2d 509 (Fla.1999), receded from on other grounds, Nelson v. State, 875 So.2d 579 (Fla.2004); Harris v. State, 826 So.2d 340 (Fla. 2d DCA 2002). Hyacinthe's motion was not successive because the prior motions were not determined on the merits. See also Mancebo v. State, 931 So.2d 928 (Fla. 3d DCA 2006).
We reverse the summary denial of the motion for post-conviction relief and remand for the trial court to consider the motion on its merits.
STONE, POLEN and HAZOURI, JJ., concur.