947 So.2d 1275 (2007)
Richard FREW, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-4957.
District Court of Appeal of Florida, Second District.
February 2, 2007.
ALTENBERND, Judge.
Richard Frew appeals the trial court's denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850 on the grounds that his filing of a successive motion was an abuse of procedure. We reverse.
A jury convicted Mr. Frew of second-degree murder in 2003. This court affirmed his judgment and sentence without a written opinion. Frew v. State, 871 So.2d 222 (Fla. 2d DCA 2004) (table). He filed his first timely motion for postconviction relief pursuant to rule 3.850 in March 2005. That first motion was facially insufficient because it only alleged that the trial court committed fundamental error within the jury instructions. The trial court correctly dismissed that motion because it raised an issue that should have been raised on direct appeal and, therefore, was not cognizable in a postconviction proceeding.
Mr. Frew did not appeal the order of dismissal. Instead, he filed another motion for postconviction relief raising numerous grounds. At least one of the grounds argued in this second motion appears *1276 to be facially sufficient. He claims that his attorney was ineffective for failing to move to suppress his confession, which allegedly was critical evidence in the case and which allegedly was obtained after a waiver of his Miranda[1] rights while he was extremely intoxicated.
The trial court did not reach the merits of this motion, but denied it as a successive motion that was an abuse of procedure under rule 3.850(f). We must disagree.
Rule 3.850(f) grants the postconviction court discretion to dismiss successive rule 3.850 motions:
(f) Successive Motions. A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant or the attorney to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.
Fla. R.Crim. P. 3.850(f).
However, this power is not absolute. This discretionary ability does not apply when the previous motion was summarily denied or dismissed for legal insufficiency. See McCrae v. State, 437 So.2d 1388, 1390 (Fla.1983); Wright v. State, 741 So.2d 1146, 1147 (Fla. 2d DCA 1999); Hyacinthe v. State, 940 So.2d 1280, 1281 (Fla. 4th DCA 2006). Moreover, nothing in the record before this court suggests that Mr. Frew abused judicial procedures by adding grounds to his motion when he made a second attempt to allege a facially sufficient claim. See Mancebo v. State, 931 So.2d 928, 929 (Fla. 3d DCA 2006) (holding that the movant was allowed to attempt to allege legally sufficient claims in a second timely rule 3.850 motion when his prior motion had not been denied on the merits); see also Hyacinthe, 940 So.2d at 1281 (holding that "[t]he abuse of process doctrine does not apply where the trial court has not previously ruled on the merits of a post-conviction claim in the case and the movant seeks to raise new claims in a different motion").
Accordingly, we reverse and remand for reconsideration by the postconviction court on the merits.
Reversed and remanded.
CASANUEVA and CANADY, JJ., Concur.
NOTES
[1] Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).