965 So.2d 861 (2007)
Kenneth WAITER, Appellant,
v.
STATE of Florida, Appellee.
Nos. 2D06-5545, 2D07-315.
District Court of Appeal of Florida, Second District.
October 12, 2007.
*862 SALCINES, Judge.
Kenneth Waiter appeals two orders entered in the same circuit court case number. In the first order, the postconviction court summarily denied Waiter's motion for postconviction relief filed in accordance with Florida Rule of Criminal Procedure 3.850. In the second order, the postconviction court dismissed his amended motion for postconviction relief. We affirm the order with respect to the first rule 3.850 motion and reverse the order dismissing the amended rule 3.850 motion.
On March 11, 2003, Waiter was convicted of felony battery. The trial court withheld adjudication and sentenced him to five years' probation. Waiter did not appeal. Waiter filed the first of these motions for postconviction relief on July 12, 2006, raising two claims attacking his 2003 conviction.
Motions filed pursuant to rule 3.850 must be filed within two years "after the judgment and sentence become final in a noncapital case." See Fla. R.Crim. P. 3.850(b). If the defendant does not file a direct appeal, the time period to file a rule 3.850 motion expires two years and thirty days after the sentencing. See De Geso v. State, 866 So.2d 107 (Fla. 2d DCA 2004). Accordingly, Waiter had until approximately April 10, 2005, to file a timely rule 3.850 motion. Therefore, the postconviction court correctly found that his July 12, 2006, rule 3.850 motion was untimely.
Subsequently, on November 8, 2006, Waiter filed an amended motion for postconviction relief pursuant to rule 3.850 raising the identical claims attacking his 2003 conviction. However, in his amended rule 3.850 motion, Waiter stated that his amended rule 3.850 motion was timely filed because he was not aware of the facts related to claim one until approximately November 24, 2004, and claim two until approximately March 8, 2006, both of which were within the two-year period prior to his November 8, 2006, rule 3.850 motion. Thus, Waiter contended, these claims should be considered under an exception to the two-year time limit for filing a rule 3.850 motion. In entering the order dismissing the motion, the postconviction *863 court concluded that Waiter's amended rule 3.850 motion was successive under rule 3.850(f). We disagree.
Florida Rule of Criminal Procedure 3.850(f) grants the postconviction court discretion to dismiss successive rule 3.850 motions:
(f) Successive Motions. A second or successive motion may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the movant or the attorney to assert those grounds in a prior motion constituted an abuse of the procedure governed by these rules.
However, this discretionary power is not absolute and does not apply when the previous motion was denied not on the merits but as untimely. See Love v. State, 814 So.2d 475, 478 (Fla. 4th DCA 2002); see generally Frew v. State, 947 So.2d 1275 (Fla. 2d DCA 2007); Maybin v. State, 884 So.2d 1174 (Fla. 2d DCA 2004).
In the present case, the postconviction court did not rule on the merits of the first rule 3.850 motion. Therefore, the dismissal of the second rule 3.850 motion was erroneous. Accordingly, we affirm the summary denial of Waiter's rule 3.850 motion, reverse the dismissal of his amended rule 3.850 motion, and remand for reconsideration by the postconviction court. On remand, the postconviction court must either attach portions of the record to its order demonstrating that Waiter is not entitled to relief or conduct an evidentiary hearing.
Affirmed in part, reversed in part, and remanded.
NORTHCUTT, C.J. and CASANUEVA, J., concur.