987 So.2d 150 (2008)
Dino K. CRESCENZO, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-5503.
District Court of Appeal of Florida, Second District.
July 11, 2008.
*151 FULMER, Judge.
Dino K. Crescenzo appeals from the postconviction court's order dismissing his Florida Rule of Criminal Procedure 3.850 motion as successive. Because his prior claim was not decided on the merits, we reverse.
In a timely motion for postconviction relief filed in March 2005, Mr. Crescenzo asserted, in ground four, ineffective assistance of his trial counsel for failing to inform him that he was required to immediately accept a plea offer or risk that it would be withdrawn. After deciding to take the evening to consider whether to accept the plea offer, Mr. Crescenzo discovered the next morning that the offer had been rescinded; he was thus forced to enter a plea requiring that he serve a sentence twice that of the original offer. The postconviction court ordered the State to respond to ground four. The State conceded that an evidentiary hearing would be required. Before a hearing was scheduled, however, Mr. Crescenzo voluntarily dismissed his motion in its entirety. The postconviction court entered an order of dismissal with prejudice.
In January 2006, still within the two-year limit for filing a timely 3.850 motion, Mr. Crescenzo filed the present motion asserting the identical claim. The postconviction court dismissed the motion as successive, finding that this claim had been dismissed with prejudice after some of the claims in his previous motion had been decided on the merits. The court also noted the prohibition against allowing defendants to file piecemeal claims of ineffective assistance of counsel, citing Pope v. State, 702 So.2d 221, 223 (Fla.1997). In Pope, however, the defendant's successive motion was untimely, and Pope's previous motion appears to have been decided on its merits.
The lack of a prior decision on the merits as to a timely claim is crucial: it will generally bar the postconviction court from dismissing a motion as successive. Here, although the postconviction court had entered an order dismissing Mr. Crescenzo's first motion with prejudice, the court had never considered this particular claim on its merits. Rule 3.850(f) prohibits the filing of a second motion for postconviction relief if the court finds that the subsequent motion does not allege new grounds for relief and that the prior motion was decided on its merits. "Thus, a successive motion that raises the same grounds as a prior motion may not be dismissed if those grounds were not previously adjudicated on their merits." Wright v. State, 741 So.2d 1146, 1147 (Fla. 2d DCA 1999) (citing Browning v. State, 687 So.2d 950 (Fla. 1st DCA 1997)); see also Cabrera v. State, 721 So.2d 1190, 1191 (Fla. 2d DCA 1998); Wallace v. State, 463 So.2d 467, 468 (Fla. 2d DCA 1985).
We reverse the postconviction court's order of dismissal and, based on the State's previous concession that an evidentiary hearing is required on this claim, remand for an evidentiary hearing.
WHATLEY and CANADY, JJ., Concur.