ALTENBERND, Judge.
Cliff Verity appeals an order denying his fourteen-ground motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm the final order denying all of his claims but write to comment on the circuit court’s use of the appropriate procedures to ensure that the order disposing of Mr. Verity’s motion is a final, appealable order on the merits.
Mr. Verity filed his rule 3.850 motion on January 28, 2010, approximately one month after the mandate issued on his direct appeal. On March 8, 2010, the circuit court issued an order denying all *78 claims except ground 11, which asserted that Mr. Verity’s attorney failed to call two potential witnesses for trial. Because this claim was facially insufficient, the court dismissed it pursuant to Spera v. State, 971 So.2d 754 (Fla.2007), with leave to amend within thirty days of the date of that order. Mr. Verity filed an amended motion within the thirty-day limit, and on April 26, 2010, the circuit court issued a final order denying all claims on the merits.
Mr. Verity is now foreclosed from asserting any of these fourteen grounds in another motion for postconviction relief even if he files his motion on or before December 29, 2011, which marks the expiration of his two-year time limit under rule 3.850(b). If he attempts to do so, his motion should be dismissed as successive pursuant to rule 3.850(f). This might appear to be a premature truncation of Mr. Verity’s right to file rule 3.850 motions, yet this is the intent embodied in the Spera decision:
The goal of the procedures adopted in Spera is not to provide defendants with the ability to file additional motions pursuant to rule 3.850 that result in more appealable final orders. Indeed, the goal is just the opposite. Instead of permitting defendants to file multiple motions that are denied or dismissed without reaching the merits, each of which results in a separate appeal, the goal of Spera is to limit most defendants to a single postconviction proceeding under rule 3.850.
Laurrence v. State, 987 So.2d 157, 158 (Fla. 2d DCA 2008). Once the defendant has been given the opportunity to amend a facially insufficient claim, the final order on the motion is a disposition on the merits of all claims, even if the defendant’s attempt to amend the claim results in another insufficiently pleaded ground for relief. A disposition on the merits will also follow if the defendant fails to file an amended motion within the allotted time. See id. at 159; see also Koszegi v. State, 993 So.2d 133, 134 (Fla. 2d DCA 2008). If the defendant then chooses to appeal the disposition, the district court will have a final order for review.
Prior to the implementation of the Spera procedures, this court, in reversing the dismissal of a postconviction motion as successive, observed that “[t]he lack of a prior decision on the merits as to a timely claim is crucial: it will generally bar the postcon-viction court from dismissing a motion as successive.” Crescenzo v. State, 987 So.2d 150, 151 (Fla. 2d DCA 2008). Similarly, in Frew v. State, 947 So.2d 1275, 1276 (Fla. 2d DCA 2007), we reversed the circuit court’s order dismissing a successive motion under rule 3.850(f) because there was no suggestion that the defendant abused the postconviction procedure when he attempted to file an amended motion.
We anticipate that in the future, orders of the type we reviewed in Crescenzo and Frew will be few and far between as the circuit courts follow the Spera procedure and render one final, appealable order after the defendant has been offered a sufficient time to amend facially insufficient claims.
Affirmed.
SILBERMAN and CRENSHAW, JJ., Concur.