RAMIREZ, C.J.
James B. Nelson appeals the summary denial of his Motion for Post-Conviction Relief pursuant to rule 3.853, Florida Rules of Criminal Procedure. The motion was denied as successive. However, because a review of the record reveals that his prior motion for relief pursuant to rule 3.853 was denied as facially insufficient, we reverse.
“A trial court ‘may not summarily dismiss a successive motion for post-conviction relief that raises issues that were either summarily denied or dismissed for legal insufficiency in the initial motion.’” Spera v. State, 971 So.2d 754, 758 (Fla. 2007), quoting Christopher v. State, 489 So.2d 22, 24 (Fla.1986); McCrae v. State, 437 So.2d 1388, 1390 (Fla.1983) (stating that the prohibition against successive motions applies “only when the grounds raised were previously adjudicated on their merits, and not where the previous motion was summarily denied or dismissed for legal insufficiency”); Frew v. State, 947 So.2d 1275, 1276 (Fla. 2d DCA 2007) (stating that the circuit court’s discretion to dismiss a motion as successive under rule 3.850(f) “does not apply when the previous motion was summarily denied or dismissed for legal insufficiency”); Mancebo v. State, 931 So.2d 928, 929 (Fla. 3d DCA 2006) *92 (“Because there was no denial on the merits and the 3.850 time limit had not expired, the defendant was allowed to file a second Rule 3.850 motion in an attempt to allege legally sufficient claims.”). The court in Spera further stated: “Under rule 3.850(f), therefore, a defendant whose post-conviction claim is denied as facially insufficient may file a successive motion raising the same claim but remedying the insufficiency.” Spera, 971 So.2d at 759. The same applies to motions under rule 3.853.
Reversed and remanded.