PER CURIAM.
 

 The state concedes that the trial court should have allowed the appellant to amend his first postconviction motion, deemed facially insufficient by the trial court, rather than denying it.
 
 See Spera v. State,
 
 971 So.2d 754 (Fla.2007). The state further concedes that the trial court should have considered the three new claims submitted in an amended motion because the trial court had not yet ruled on the original motion.
 
 See Hyacinthe v. State,
 
 940 So.2d 1280, 1281 (Fla. 4th DCA 2006) (stating that “[A] 3.850 movant has the right to amend or supplement a motion at any time within the two-year time limit as long as the trial court has not yet ruled on the merits of the motion.”). We therefore reverse and remand with directions that the trial court allow the appellant to amend his first claim to attempt to make it facially sufficient, and also for the trial court to consider the three claims submitted in the amended motion. If the court finds any of those three claims to be facially insufficient the appellant should be afforded one opportunity to amend any of these three claims.
 
 See Spera; Nelson v. State,
 
 977 So.2d 710 (Fla. 1st DCA 2008) (noting that
 
 “Spera
 
 does not mandate repeated opportunities” for a defendant to amend facially insufficient claims).
 

 REVERSED and REMANDED.
 

 PADOVANO, LEWIS, and CLARK, JJ., concur.