CASANUEYA, Judge.
On September 26, 2011, the posteonviction court summarily denied Al Jones’s motion filed in accordance with Florida Rule of Criminal Procedure 3.850 after Mr. Jones failed to cure its facial insufficiencies within the time provided in the court’s order of August 2, 2011. This court has held that if a defendant fails to amend a facially insufficient motion within the time directed by the postconviction court, the postconviction court shall enter a final order denying the motion on the merits. See Verity v. State, 56 So.3d 77, 78 (Fla. 2d DCA 2011); Herron v. State, 34 So.3d 206, 207 (Fla. 2d DCA 2010). Thus, the post-conviction court appropriately denied Mr. Jones’s motion.
However, in his initial brief on appeal, Mr. Jones claims that he delivered an amended motion into the hands of corrections officials on August 29, 2011, within the time permitted by the postconviction court. The brief contains an oath declaring, under penalty of perjury, that the facts alleged therein are true and correct, and Mr. Jones attached a Xerox copy of the amended motion, which bears a stamp verifying that it was timely filed. But this amended motion apparently never made its way into the circuit court file, and thus it appears that the postconviction court did not consider the amended motion through no fault attributable to Mr. Jones. Under these unusual circumstances, it is appropriate to provide another opportunity for Mr. Jones to file the motion.
Accordingly, we affirm the postconviction court’s order but do so without prejudice for Mr. Jones to resubmit his amended motion for postconviction relief within thirty days of the date that this opinion becomes final. If Mr. Jones files the amended motion as directed in this opinion, it shall not be considered successive.
Affirmed.
YILLANTI and WALLACE, JJ., Concur.