ON CONFESSION OF ERROR

LAGOA, J.
Appellant, Jon W.F. Kuiken (“Kuiken”), appeals the trial court’s order denying his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The trial court denied the motion as successive. Based on the State’s proper confession of error with which we agree, we reverse the trial court’s order.
On September 19, 2011, Kuiken filed his Rule 3.850 motion seeking to vacate his judgment and sentence based on juror misconduct and ineffective assistance of counsel in rejecting a favorable plea offer of ten years state prison. The trial court denied Kuiken’s motion as successive and found that his claims constituted an abuse of procedure under Rule 3.850 and Ragan v. State, 643 So.2d 1175 (Fla. 3d DCA 1994).
As the State concedes, Ragan is not applicable in this instance. In Ragan, the defendant sought review of the trial court’s order denying his Rule 3.850 motion for post-conviction relief alleging ineffective assistance of counsel. The defendant in Ragan, however, had previously filed a Rule 3.850 motion, which also alleged that he was denied effective assistance of counsel.
Here, unlike Ragan, Kuiken filed a single Rule 3.850 motion. The other two motions filed by Kuiken were motions seeking relief pursuant to Florida Rules of Criminal Procedure 3.800(c) and 3.800(a), which challenged the legality of his sentence.[1] See Schlabach v. State, 37 So.3d 230, 237 (Fla.2010) (“Rule 3.800(c) is a narrow rule that provides a limited opportunity for the trial court to reconsider a previously imposed sentence and, within its discretion, reduce or modify the sentence. This provision permits a trial judge to reconsider matters that were not addressed during sentencing and to ensure that the sentence is appropriate and fair in light of all of the relevant circumstances.”) (footnote omitted); Carter v. State, 786 So.2d 1173, 1181 (Fla.2001) (A Rule 3.800(a) motion challenges the “kind of punishment that no judge under the entire body of sentencing statutes could possibly inflict under any set of factual circumstances.” (quoting Blakley v. State, 746 So.2d 1182, 1187 (Fla. 4th DCA 1999))).
Because neither a claim of juror misconduct nor a claim of ineffective assistance of counsel is cognizable under Rule 3.800(a) or Rule 3.800(c), the trial court erred in finding that Kuiken’s Rule 3.850 motion *631 was successive. See Rivas v. State, 906 So.2d 1193 (Fla. 8d DCA 2005) (finding that Rule 3.850 motion was not successive as previous motions either sought relief pursuant to Rule 3.800 or sought an extension of time to file a Rule 3.850 motion); Ramirez v. State, 822 So.2d 593, 594 (Fla. 2d DCA 2002) (finding that the second motion was not a successive post-conviction motion since Ramirez’s original motion only raised claims that his sentence was illegal); Osborne v. State, 798 So.2d 39, 39 (Fla. 1st DCA 2001) (finding that the court erred because Appellant’s prior post-conviction motion was properly filed as a rule 3.800(a) motion).
Accordingly, we reverse the trial court’s order denying the Rule 3.850 motion and remand for reconsideration of Kuiken’s September 19, 2011 Rule 3.850 motion.
REVERSED AND REMANDED with instructions.

. On November 17, 2009, Kuiken filed his first post-conviction motion — a Motion to Mitigate and Reduce Sentence. On February 8, 2011, Kuiken filed his second post-conviction motion' — a Motion to Correct Illegal Sentence.