PER CURIAM.
Appellant Hector Figueroa appeals the summary denial of his original pro se motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Appellant ■ was convicted of first degree murder. We affirmed that conviction on direct appeal. Figueroa v. State, 975 So.2d 1150 (Fla. 4th DCA 2008). In 2009, Appellant timely filed his original motion, raising four grounds for relief. Before the trial court ruled on this motion, Appellant filed a written motion for leave to amend the motion, which was granted by the trial court. In that same year, Appellant filed an amended motion for post-conviction relief raising six new *898 claims. Based on the state’s response, which did not address the amended motion, the trial court summarily denied post-conviction relief as to the original motion without addressing Appellant’s amended motion. This was error.
When an amendment to a timely filed motion for post-conviction relief is itself filed within the two-year period, the trial court is obligated to consider the amendment on the merits. Fla. R. Crim. P. 3.850(b). See Hyacinthe v. State, 940 So.2d 1280, 1281 (Fla. 4th DCA 2006); Prince v. State, 75 So.3d 349 (Fla. 1st DCA 2011). The trial court failed to do so. Accordingly, we reverse the trial court’s order on rehearing denying Appellant’s post-conviction relief motion, remand for consideration of Appellant’s amended motion and for further proceedings consistent therein. Prince, 75 So.3d at 349.[1]

Reversed and Remanded with directions.

DAMOORGIAN, C.J., WARNER and LEVINE, JJ., concur.

. Inasmuch as appellant agrees the original motion for post-conviction relief he filed on April 13, 2009 was properly denied, we affirm that aspect of the trial court's order on rehearing.