IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

TRACEY MACKEY,

      Appellant,

v.                                                                            Case No.  5D17-3760

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed February 9, 2018

3.850 Appeal from the Circuit
Court for Lake County,
Lawrence J. Semento, Judge.

Tracey  Mackey, Wewahitchka, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Marjorie Vincent-Tripp,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

      Appellant, Tracey Mackey, appeals the summary denial of his amended motion for postconviction relief filed pursuant to rule 3.850, Florida Rules of Criminal Procedure.  In his amended motion, he raised four claims, one of which was that his trial counsel was ineffective for failing to call a witness who would have offered key testimony supporting his defense at trial.  The trial court denied this claim, reasoning that it was successive.

On appeal, Appellant argues this was error. We agree and reverse as to that claim only. We otherwise affirm.

The record reflects that the trial court summarily denied Appellant's original rule 3.850 motion (the "original motion") on the merits, after addressing this same claim that trial counsel was ineffective for failing to call the key witness. Appellant appealed that denial, and this court reversed, finding that his original motion was facially insufficient, and that Appellant was entitled to an opportunity to amend. *Mackey v. State*, 219 So. 3d 1009, 1009 (Fla. 5th DCA 2017). On remand, Appellant filed the instant amended motion for postconviction relief.

Although the trial court denied Appellant's original motion on the merits, this court reversed that order based on the facial insufficiency of Appellant's motion, providing Appellant the opportunity to file an amended motion. Thus, the original motion was not decided on the merits, and therefore Appellant's key witness claim in the amended motion cannot be considered. *See Crescenzo v. State*, 987 So. 2d 150, 151 (Fla. 2d DCA 2008) ("[A] successive motion that raises the same grounds as a prior motion may not be dismissed if those grounds were not previously adjudicated on their merits." (citation omitted)); *see also Rosenkrantz v. Hall*, 172 So. 2d 518, 519 (Fla. 3d DCA 1965) ("[A]n order which is reversed must be treated as though the order had never been rendered." (citing, *inter alia*, *S. Fla. Lumber & Supply Co. v. Read*, 61 So. 125 (Fla. 1913))). Further, we find that the amended motion is facially sufficient as to this claim. We therefore reverse the summary denial and remand for the trial court to either attach records conclusively refuting Appellant's key witness claim, or to hold an evidentiary hearing. We affirm as to Appellant's other claims.

AFFIRMED in part; REVERSED in part; REMANDED.

TORPY, LAMBERT and EISNAUGLE, JJ., concur.