IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

TRACEY MACKEY,

       Appellant,

v.                            Case No.  5D18-1324

STATE OF FLORIDA,

       Appellee.

_____/

Opinion filed August 24, 2018

3.850 Appeal from the Circuit Court
for Lake County,
Lawrence J. Semento, Judge.

Tracey Mackey, Crawfordville, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Marjorie Vincent-Tripp,
Assistant Attorney General, Daytona
Beach, for Appellee.

PER CURIAM.

This is Tracey Mackey's third postconviction relief appeal to this court.  In *Mackey v. State*, 219 So. 3d 1009 (Fla. 5th DCA 2017), this court reversed the summary denial of Mackey's postconviction motion and instructed the lower court to afford Mackey the opportunity to amend.  In *Mackey v. State*, 236 So. 3d 504 (Fla. 5th DCA 2018), this court affirmed the denial, after amendment, of Mackey's motion on all

grounds except Ground Two, which alleged that Mackey's trial counsel was ineffective for failing to call a particular witness who would have afforded testimony supporting his defense at trial. This court ruled that Ground Two was "facially sufficient" and instructed the lower court to either hold an evidentiary hearing on that claim or attach records conclusively refuting it. *Id.* at 505.

On remand, the lower court denied Ground Two, finding that the record conclusively showed that: (1) Mackey and his counsel noted on the record at trial that the witness had proved difficult to find because she changed her phone number and refused to testify; and (2) Mackey could not show prejudice even if his allegations were true because there was "overwhelming evidence" of Mackey's guilt. We respectfully disagree with the trial court. First, the records attached to the trial court's order do not refute Mackey's claim that counsel misrepresented to him the availability of the witness. Second, the alleged anticipated testimony of the uncalled witness, if found credible, would undermine the identification testimony of the two alleged victims, as well as provide a non-incriminating reason why a scrap of cloth with Mackey's DNA was found at the scene of the alleged crime.

The trial court is directed, on remand, to attach additional records conclusively refuting Mackey's claim or to hold an evidentiary hearing.

REVERSED and REMANDED, with instructions.


EVANDER, BERGER and WALLIS, JJ., concur.

2