# Third District Court of Appeal

## State of Florida

Opinion filed January 16, 2019.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-146
Lower Tribunal No. 98-34894A

_____

**David S. Walter,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal under Florida Rule of Appellate Procedure 9.141(b)(2) from the Circuit Court for Miami-Dade County, Diane V. Ward, Judge.

David S. Walter, in proper person.

Ashley Brooke Moody, Attorney General, and Natalia Costea, Assistant Attorney General, for appellee.

Before SCALES and LINDSEY, JJ., and LUCK, Associate Judge.

PER CURIAM.

Appellant David S. Walter appeals a December 8, 2017 trial court order summarily denying, as successive, Walter's November 20, 2017 post-conviction

motion brought pursuant to Florida Rule of Criminal Procedure 3.850. Walter's motion alleged he was entitled to a new trial based on newly discovered evidence, to wit, an affidavit of an alleged witness to the crime.

In February of 2017, however, Walter filed a virtually identical motion, along with the same affidavit that accompanied Walter's November 2017 motion. On June 28, 2017, the trial court denied Walter's February 2017 motion. In its order, the trial court expressed that it was unnecessary to address the merits of the claim because the affidavit was legally insufficient in that it lacked a jurat. Toward the end of this order, though, the trial court elaborated by further finding the affidavit lacked credibility and appeared to be an attempt to perpetrate a fraud on the court. Walter did not appeal this June 28, 2017 order.

In this appeal, Walter contends that the trial court erred in finding his November 2017 motion successive on the ground that the trial court did not reach the merits of his February 2017 motion. We disagree. While the trial court's June 28, 2017 order initially indicated that it was unnecessary to address the merits, the order plainly and unequivocally determined that the affidavit upon which Walter's February 2017 motion was based lacked credibility. This constituted a reaching of the merits; and thus, the trial court correctly characterized Walter's November 2017 motion as successive. McKenley v. State, 937 So. 2d 223, 225 (Fla. 3d DCA

2

2006) ("A trial court may dismiss a successive motion for post-conviction relief that had been previously adjudicated on the merits.").

Affirmed.