463 So.2d 467 (1985)
Herman A. WALLACE, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2254.
District Court of Appeal of Florida, Second District.
February 6, 1985.
RYDER, Chief Judge.
Appellant seeks review of the denial of his motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850.
On April 24, 1984, appellant filed a motion for post-conviction relief alleging: (1) ineffective assistance of counsel; (2) violation of the plea agreement; and (3) involuntary guilty plea. On April 30, 1984, the trial court issued an order denying the motion on the grounds that the allegations regarding ineffective assistance of counsel were legally insufficient because appellant failed to set forth facts to support the allegation, and that the other two grounds should have been raised on appeal. There is no evidence in the record that appellant appealed this order.
On July 3, 1984, appellant filed another motion for post-conviction relief which is the subject of this appeal. As grounds for this motion, appellant alleged: (1) ineffective assistance of counsel; (2) violation of plea agreement; (3) involuntary guilty plea; (4) error in sentencing appellant as a habitual offender; and (5) denial of the right to *468 appeal. On July 24, 1984, the trial court summarily denied appellant's second motion for post-conviction relief on the ground that appellant had previously raised the same grounds by previous motion.
Although it appears from the record before us that this is appellant's second rule 3.850 motion, the trial court has never considered the merits of appellant's allegations of ineffective assistance of counsel, violation of the plea agreement, involuntary guilty plea, and error in sentencing. The rule which prohibits second or successive motions for similar relief only applies where previously raised grounds have been adjudicated on their merits, not where the motion was summarily denied or dismissed for legal sufficiency. McCrae v. State, 437 So.2d 1388, 1390 (Fla. 1983). Appellant's allegation of ineffective assistance of counsel was initially denied because the facts were legally insufficient. Because the appellant provided supporting facts in his July 3 motion, the court should have considered this issue on the merits. Appellant's allegations of failure to abide by the plea agreement and involuntary guilty plea are issues which are properly considered by use of a rule 3.850 motion. Cf. Counts v. State, 376 So.2d 59, 60-61 (Fla. 2d DCA 1979). Lastly, appellant's allegation that he was improperly sentenced under the habitual offender statute was not raised in his initial motion and should have been considered on the merits. Cf. Gammill v. Wainwright, 357 So.2d 714, 715 (Fla. 1978); Massey v. State, 389 So.2d 712, 713 (Fla. 2d DCA 1980).
Wallace's use of Florida Rule of Criminal Procedure 3.850 to present the allegation that he was denied the right to appeal was improper. In order to invoke our review of this particular point, Wallace should have filed a petition for the issuance of a writ of habeas corpus. However, in order to expedite this matter, to save judicial labor, we treat his entreaty as a petition for a writ of habeas corpus. We thusly deny the petition and affirm the trial court's denial on this ground.
We reverse the trial court on its actions as to the remaining grounds and remand the matter to the trial court for an evidentiary hearing or, in the alternative, order the trial court to attach portions of the record which conclusively show that appellant is not entitled to relief.
GRIMES and LEHAN, JJ., concur.