721 So.2d 1190 (1998)
Jose A. CABRERA, Appellant,
v.
STATE of Florida, Appellee.
No. 98-02572.
District Court of Appeal of Florida, Second District.
November 13, 1998.
*1191 PER CURIAM.
Jose Cabrera appeals the dismissal of his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. The trial court dismissed Cabrera's motion as untimely and for failing to contain a brief statement of the facts upon which Cabrera relied. Neither of these reasons was sufficient to justify the order of dismissal. Therefore, we reverse and remand for the trial court to consider the merits of Cabrera's motion.
Cabrera was convicted on January 22, 1996, of two drug-related offenses. He filed a notice of appeal on January 26, 1996. However, on April 18, 1997, this court granted Cabrera's request to voluntarily dismiss his appeal. On August 1, 1997, he filed a rule 3.850 motion, but then voluntarily dismissed it. The present motion was filed April 3,1998.
The law is well-settled that once a timely notice of appeal has been filed, the two-year time limit to file a rule 3.850 motion does not begin to run until the appellate court issues its mandate. See Huff v. State, 569 So.2d 1247 (Fla.1990). This rule is based upon the rationale that jurisdiction of the case does not return to the trial court until the mandate has been issued. In Cabrera's direct appeal, however, no mandate issued because this court granted Cabrera's request to voluntarily dismiss his appeal. The trial court erroneously reasoned that because Cabrera had voluntarily dismissed his appeal, the two-year time limit ran from the date of Cabrera's conviction. To the contrary, it was not until this court granted Cabrera's voluntary dismissal that jurisdiction returned to the trial court, and thus, the two-year time limit did not begin run until April 18, 1997. Accordingly, Cabrera has until April 18, 1999, to file a timely rule 3.850 motion.
The trial court dismissed Cabrera's motion also because he had filed a prior rule 3.850 motion which had been voluntarily dismissed. Despite the trial court's suggestion otherwise, the fact that Cabrera has filed and dismissed a prior post-conviction motion has no bearing on whether the present motion was timely filed. Moreover, Cabrera's present motion is not successive as his first motion was voluntarily dismissed before the trial court could rule on its merits. See Wallace v. State, 463 So. 2d 467 (Fla. 2d DCA 1985) (stating that rule prohibiting successive postconviction motions only applies where previously raised grounds have been adjudicated on their merits). See also Ranaldson v. State, 672 So.2d 564 (Fla. 1st DCA 1996). Therefore, we find it of no moment that Cabrera filed a prior rule 3.850 motion.
Finally, the trial court's conclusion that Cabrera's motion failed to contain a brief statement of facts is belied by the presence of a multitude of factual allegations in the motion. We cannot agree with the trial court that Cabrera's motion contained no brief statement of facts. Alternatively, if the *1192 trial court's order is construed as finding Cabrera's factual allegations facially insufficient, then the court should have denied the motion on its merits rather than dismiss it on procedural grounds.
Reversed and remanded.
FRANK, A.C.J., and BLUE and NORTHCUTT, JJ., concur.