FLETCHER, Judge.
Roger Thomas appeals the trial court’s denial of his motion for post-conviction relief. We conclude that the trial court erred when it found Thomas’ motion to be untimely filed and declined to consider it on the merits.
Florida Rule of Criminal Procedure 3.850(b) states that no post-conviction relief “motion shall be filed or considered pursuant to this rule if filed more than 2 years after the judgment and sentence become final in a noncapital case.” The record indicates that Thomas appealed his final judgment of conviction and sentence, and that this court affirmed on September 1, 1999, with the mandate issuing on September 17, 1999. As the two-year limitation period within which to file a post-conviction motion does not begin to run until the appellate court issues its mandate on the direct appeal, Cabrera v. State, 721 So.2d 1190 (Fla. 2d DCA 1998),[1] and as *1150 this court issued its mandate in September, 1999, Thomas has until September, 2001 to file a post-conviction relief motion. Thus his motion filed on October 16, 2000 was timely, and the trial court should have reviewed the substantive claims therein.
Accordingly, we reverse and remand for the trial court to consider Thomas’s post-conviction relief motion on its merits.
Reversed and remanded.

. If a defendant files a petition for supreme court review of the result of his direct appeal, the time period for filing a motion for post-conviction relief does not begin to run until *1150 the petition has been determined. Gaskin v. State, 737 So.2d 509 (Fla.1999); Barkett v. State, 728 So.2d 792 (Fla. 1st DCA 1999).