940 So.2d 1274 (2006)
Brandan Keith GATLIN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-1646.
District Court of Appeal of Florida, Second District.
November 8, 2006.
ALTENBERND, Judge.
Brandan Keith Gatlin appeals the summary denial of his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850, in which he raised twenty-three enumerated grounds. The motion challenged a judgment for "aggravated battery by a jail detainee," § 784.082, Fla. Stat. (2001), and the resulting sentence of thirty years' incarceration as a prison releasee reoffender. The trial court initially responded to Mr. Gatlin's motion by issuing an order to show cause, stating: "The Court finds these claims raise facially sufficient bases for relief that are not conclusively refuted by the record." The State responded to the order to *1275 show cause with a lengthy memorandum that referred and cited to material contained within hundreds of pages of testimony and other filings in the trial court. The trial court then entered an order agreeing with the State's memorandum and denying relief on all grounds "because they are either refuted by the Record or are legally insufficient."[1] The trial court did not attach to its order any of the documents from the files and records that it recites that it reviewed. See Fla. R.Crim. P. 3.850(d) (holding that a copy of those portions of the files and records that conclusively show the movant is not entitled to relief shall be attached to the order).
On appeal, this court issued an order giving the circuit court clerk the opportunity to supplement the record with the referenced attachments. The circuit court clerk supplemented our record with photocopies of legal research that must have been performed by someone in the trial court, but with nothing from the actual court files and records. The clerk indicated that there was nothing else in the court file.
We are inclined to believe that many of the twenty-three grounds in Mr. Gatlin's motion are facially insufficient and that the trial court erred in initially finding them to be sufficient. Usually we would review the motion de novo and sort out the grounds that require further attention on remand. In this case, however, since the trial court initially informed Mr. Gatlin that all of his grounds were facially sufficient and then entered an order disposing of each ground on the alternative theories that each ground was either facially insufficient or refuted by records that cannot be produced for this court, we remand this motion to provide the circuit court an opportunity to actually rule upon the motion.
Accordingly, we reverse the trial court's order and remand for further proceedings. If the trial court again denies Mr. Gatlin's motion, it must attach those portions of the record that conclusively refute his claims. See Hartley v. State, 933 So.2d 685 (Fla. 2d DCA 2006).
Reversed and remanded.
SALCINES and KELLY, JJ., Concur.
NOTES
[1] It is noteworthy that an order denying a ground in such a motion based on record attachments is a disposition on the merits, whereas a denial or dismissal based on the insufficiency of the pleading is not. See McCrae v. State, 437 So.2d 1388 (Fla.1983); Wallace v. State, 463 So.2d 467 (Fla. 2d DCA 1985). Thus, Mr. Gatlin and this court have no guidance from the trial court as to which grounds have actually been resolved on the merits.