947 So.2d 663 (2007)
Todd OOSTERINK, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-1374.
District Court of Appeal of Florida, Second District.
January 26, 2007.
ALTENBERND, Judge.
Todd Oosterink appeals the postconviction court's order denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. In the motion, Mr. Oosterink alleges that his trial counsel, Jeffrey Levkoff, was ineffective when he advised him to plead guilty to a charge of trafficking in heroin. Allegedly, his trial counsel informed him that the decision to impose a twenty-five-year mandatory minimum sentence was discretionary with the trial judge. He claims that he would not have pleaded guilty if he had understood that the trial court had no discretion but to impose the twenty-five-year sentence.
The postconviction court summarily denied this motion, claiming that it involved an issue that had been raised on direct appeal from a motion to withdraw plea under rule 3.170(f). Although the postconviction court is correct that an issue that could or should have been raised on direct appeal is generally not cognizable under rule 3.850, this case has an interesting twist. The trial court denied the initial motion to withdraw the plea under rule *664 3.170(f), relying on the transcript of the plea colloquy. The trial court expressly ruled:
Well, I have here a record of taking a plea with a complete colloquy. You may have a 3.850, you may very well have that on counsel, but as far as the plea, it seems to me clear that he understood, that he went over it, and I have no basis for setting it aside. So I'm going to deny that motion.
Thus, the order that we affirmed on appeal had expressly reserved the issue of ineffective assistance of counsel for postconviction consideration. Given the closeness of this issue in this case and the trial court's decision to defer a full evidentiary hearing on ineffectiveness of counsel to a postconviction proceeding, we conclude that the motion under rule 3.850 is not barred by the earlier proceedings.
Reversed and remanded.
SILBERMAN and CANADY, JJ., Concur.