NORTHCUTT, Judge.
 

 A jury convicted Brandan Gatlin of aggravated battery by a prison detainee. Several years later, Gatlin filed a timely motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, asserting twenty-three grounds for relief. We reversed the first summary denial of that motion in
 
 Gatlin v. State,
 
 940 So.2d 1274 (Fla. 2d DCA 2006)
 
 (Gatlin I),
 
 and remanded for further proceedings with directions to the postconviction court.
 

 On remand the court held an evidentiary hearing on two of Gatlin’s claims and denied them after the hearing. It summarily denied the rest of the claims. As we will explain, the court failed to follow our directions in
 
 Gatlin I.
 
 Accordingly, we must reverse most of the summarily denied claims and again remand for further proceedings. We affirm without discussion the two claims
 
 [1]
 
 that the court denied after conducting an evidentiary hearing.
 

 In
 
 Gatlin I
 
 we pointed out that the postconviction court originally entered an order finding that all Gatlin’s claims were legally sufficient. After the State responded, the court changed course and entered an order summarily denying all of Gatlin’s grounds on the alternative theories that each was either facially insufficient or refuted by the record.
 
 Id.
 
 at 1274-75. We noted the problem with denying the claims on such alternative grounds, i.e., that a denial or dismissal based on insufficiency of the pleadings was not a ruling on the merits, whereas a denial based on record attachments was a ruling on the merits.
 
 Id.
 
 at 1275 n. 1. We additionally advised that if the court were to deny any claims as refuted by the record, it must attach to its order the documents that supported that determination.
 

 Notwithstanding our admonition in
 
 Gat-lin I,
 
 on remand the postconviction court again denied nine of Gatlin’s claims on the dual grounds that they were legally insufficient and refuted by the record.
 
 [2]
 
 Additionally, it denied eight more claims on the sole basis that they were refuted by the record.
 
 [3]
 
 Four claims were denied because of legal insufficiency alone,
 
 [4]
 
 one claim because it was without legal merit.
 
 [5]
 
 The postconviction court’s order specifically discussed only seven of the summarily denied claims; it adopted the State’s response as its reason for denying the rest of them.
 

 
 *745
 

 A. Claims denied because they were refuted by the record
 

 We first address the claims denied solely on the basis that they were refuted by the record (footnote 3, above). We repeat that when a court denies post-conviction claims as refuted by the record, it must attach to its order the portions of the record that conclusively refute the claims.
 
 See Gatlin I,
 
 940 So.2d at 1275;
 
 see also
 
 Fla. R.App. P. 9.141(b)(2)(D). Here, the postconviction court adopted the State’s response to the motion, which referenced pages of the record but did not attach them. The court itself also failed to attach to its order any documents that supported the denial of these claims. We must therefore again reverse the denials of these claims and remand with directions to the postconviction court either to grant Gatlin an evidentiary hearing or, if the record refutes a claim, to attach the appropriate documents to the order of denial.
 
 See Gatlin I,
 
 940 So.2d at 1275;
 
 Burnett v. State,
 
 933 So.2d 1282 (Fla. 2d DCA 2006).
 

 B. Claims denied because they were legally insufficient
 

 These claims include those denied solely on this basis (footnotes 4 and 5, above) and those denied on this and the additional ground that they were refuted by the record (footnote 2, above). We affirm the denial of Gatlin’s claims 7 and 18. In claim 7, Gatlin objected to the State’s decision to nolle prosequi one of the claims in the information against him. As the court correctly stated, this claim was “without legal foundation, is legally insufficient, and is without legal merit.” The court adopted the State’s response to claim 18, which asserted that defense counsel was ineffective for failing to request a mistrial when a juror was dismissed and the alternate juror was seated. The State pointed out that Florida Rule of Criminal Procedure 3.280(a) requires exactly the procedure that occurred at Gat-lin’s trial. The State and the court are correct.
 

 The court adopted the State’s response to all the remaining claims that it denied either entirely or partially based on legal insufficiency. The State’s response asserted that many of these claims should have been denied for inadequate pleading. The response was filed in February 2006, before the postconviction court’s first denial of Gatlin’s motion. It was also filed before the supreme court issued
 
 Spera v. State,
 
 971 So.2d 754 (Fla.2007).
 
 [6]
 
 The post-conviction court’s order on remand that summarily denied Gatlin’s claims was also entered before
 
 Spera
 
 was decided, but the final order was rendered approximately six months later. Yet the court did not discuss the effect of
 
 Spera
 
 on its previous summary denials.
 
 Spera
 
 holds that “when a defendant’s initial rule 3.850 motion for postconviction relief is determined to be legally insufficient for failure to meet either the rule’s or other pleading requirements, the trial court abuses its discretion when it fails to allow the defendant at least one opportunity to amend the motion.”
 
 Id.
 
 at 761.
 

 The State’s responses to grounds 11,12, and 15, the remaining claims denied on the basis of legal insufficiency alone, raised pleading insufficiencies. Because the post-conviction court did not specifically address why it was denying these claims, other than to accept the State’s response, we must reverse and remand for the court to determine whether Gatlin should be given an opportunity to replead his assertions pursuant to
 
 Spera.
 

 
 *746
 
 As to the rest of the claims (enumerated in footnote 2), the court must determine whether they are legally insufficient or whether they are refuted by the record. If legally insufficient, it must again determine whether Gatlin should be allowed an opportunity to replead. If it determines that any claim is refuted, it must attach to its order the portions of the record that conclusively establish that Gatlin is not entitled to relief.
 

 The denials of claims 7, 8(b), 18, and 19 are affirmed. The denials of all other claims are reversed and remanded for further proceedings.
 

 LaROSE and KHOUZAM, JJ., Concur.
 

 [1]
 

 . Claims referred to in the court’s order as 8(b) and 19.
 

 [2]
 

 . Claims 1 through 6, 16, 20, and 21.
 

 [3]
 

 . Claims 8(a) through 10, 13, 14, 17, 22, and 23.
 

 [4]
 

 . Claims 11, 12, 15, and 18.
 

 [5]
 

 . Claim 7.
 

 [6]
 

 . Our
 
 Gatlin I
 
 decision also was issued before the opinion in
 
 Spera.