CRENSHAW, Judge.
 

 Jose Cantu appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the postconviction court erred in finding that the motion was to a large extent, proeedurally barred, we reverse and remand for further proceedings.
 

 In 2001, law enforcement officers stopped Cantu after he traveled by bus from Texas to Florida. Their search revealed a package of cocaine strapped to his body. His attorney filed a motion to suppress in December 2002, alleging that Cantu was illegally searched. No hearing was ever held on the motion and it was withdrawn in March 2003. Cantu entered a plea of no contest in April 2003 pursuant to a substantial assistance agreement that contemplated a downward departure sentence if he performed well, but a sentence of up to the statutory maximum of thirty years if he failed to perform. Sentencing was delayed for three months, and he was released from jail. Cantu never made contact with the authorities to provide assistance. In 2007, he was arrested in Texas and returned to Florida for sentencing.
 

 Prior to sentencing, Cantu, now represented by a new attorney, filed a motion to withdraw the plea, arguing that it was involuntary because his former counsel did not fully advise Cantu of the option of arguing the motion to suppress. If Cantu had known of a potential basis for suppression, he would not have entered a plea. This motion to withdraw plea was discussed at the sentencing hearing. The judge declined to rule on the motion before
 
 *147
 
 imposing the minimum mandatory sentence of fifteen years. Instead the judge directed Cantu’s attorney to obtain the transcript of the plea colloquy within fifteen days and to refile his motion with the transcript. The judge indicated that he needed to read the transcript to see if the motion would merit an evidentiary hearing and stated to counsel: “So it could end up that[ ] it’s a 3.850. You know that as well as I do now.”
 

 Cantu’s counsel did not file the plea transcript as directed. The trial court dismissed the motion to withdraw plea in November 2007 with an order that states: “Defendant failed to timely file transcripts as he was directed by the Court on September 19, 2007. Additionally, the Court finds no basis for the Motion to Withdraw Plea.”
 

 In May 2008, Cantu’s attorney filed the rule 3.850 motion that is the subject of this appeal. The motion alleges ineffective assistance of counsel in that trial counsel failed to investigate the propriety of the stop and misadvised Cantu concerning the possibility of challenging the stop, search, and arrest. It also alleges that counsel induced Cantu to enter the plea and Cantu would not have entered the plea had he been advised of his “true position.”
 

 In May 2009, the postconviction court entered an order summarily denying the motion. The court construed the motion as raising two claims: first, that counsel failed to file a motion to suppress, and second, that counsel was ineffective for not fully discussing the option of arguing the motion to suppress and misinforming Cantu as to the strength of the motion. The court found that the first claim was conclusively refuted by the record because counsel did file a motion to suppress. The fact that the motion was withdrawn in March 2003 “had no bearing.” Thus the court concluded that “[bjased on the plea agreement accepted by the Defendant, counsel could not have been ineffective for not pursuing the motion to suppress.”
 

 The court found that the second claim was procedurally barred because Cantu could have raised the issue on direct appeal: “Since the Defendant chose to challenge counsel’s representation in a Motion to Withdraw Plea, the Defendant should have raised this issue in a direct appeal following the dismissal of that motion.” Cantu argues in this appeal, in part, that the trial court did not address the merits of the claim in ruling on the motion to withdraw plea, that his claim of ineffective assistance of counsel could not have been raised on direct appeal, and that the record does not conclusively refute his claims. We agree with Cantu on these points.
 

 We conclude that the postconviction court erred in finding the procedural bar. Cantu essentially abandoned his motion to withdraw plea in the trial court when he failed to comply with the court’s directive to file the transcript. The trial court’s dismissal — rather than denial — of Cantu’s motion to withdraw plea indicates that the trial court did not reach the merits of the motion.
 
 See Gatlin v. State,
 
 24 So.3d 743, 744 (Fla. 2d DCA 2009) (noting that a dismissal based on insufficiency of the pleadings was not a ruling on the merits). The inclusion of the statement that “the Court finds no basis for the Motion to Withdraw Plea” in the dismissal order creates some ambiguity and might imply a ruling on the merits. But that statement would not have been enough for this court to review the denial of the motion on its merits in a direct appeal because the primary basis for the dismissal was insufficiency. The dismissal of the motion to withdraw plea was not a ruling on the merits and does not act as a procedural bar to raising the same issue in a postcon-
 
 *148
 
 vietion motion. See
 
 Oosterink v. State, 947
 
 So.2d 663 (Fla. 2d DCA 2007) (concluding that the issue raised in rule 3.850 motion was not barred by the same issue raised in an earlier motion to withdraw plea where the trial court had not fully addressed the claim on the merits in ruling on the earlier motion).
 

 The postconviction court’s attachments show only that Cantu’s trial counsel filed a motion to suppress and that Cantu later entered the plea. They do not conclusively refute the allegation that Cantu was misadvised by counsel before withdrawing the motion to suppress and entering the plea. We therefore reverse and remand for the postconviction court to reconsider the motion on the merits and grant an evidentiary hearing if necessary.
 

 Reversed and remanded.
 

 WHATLEY and SILBERMAN, JJ„ Concur.