KHOUZAM, Judge.
We reverse the denial of Willie Ben Hart, Jr.’s motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850 because the postconviction court erred when it denied the motion as untimely.
On December 18, 2007, Mr. Hart admitted to a violation of probation, and on January 3, 2008, the trial court entered an order revoking Mr. Hart’s probation and sentenced him to fifteen years’ imprisonment. Mr. Hart filed a timely notice of appeal, and on December 2, 2008, this court issued a mandate affirming his judgment and sentence. On December 2, 2010, Mr. Hart filed his motion for postconviction relief pursuant to rule 3.850, which the postconviction court denied shortly thereafter.
In denying his motion as untimely, the postconviction court noted that Mr. Hart was sentenced on January 3, 2008, and found that although he filed a direct appeal, he did not specifically challenge the revocation of his probation. The postcon-viction court found that Mr. Hart’s judgment and sentence became final on February 2, 2008, thirty days after being issued. The postconviction court further reasoned that Mr. Hart’s motion of December 2, 2010, was filed outside of the rule 3.850 two-year time limit. See Fla. R.Crim. P. 3.850(b). However, while Mr. Hart’s appeal did not specifically dispute the revocation of his probation, it did challenge whether the court erred in accepting his admission to the violation. Therefore, his appeal tolled the finalization of the judgment and sentence entered as a result of the revocation of his probation until the mandate on direct appeal was issued on December 2, 2008. See Cabrera v. State, 721 So.2d 1190, 1191 (Fla. 2d DCA 1998). Because Mr. Hart filed his motion on December 2, 2010, he was just within the two-year time limit.
Accordingly, we reverse this order. On remand, the postconviction court is instructed to address Mr. Hart’s claims on the merits.
Reversed and remanded.
NORTHCUTT and WALLACE, JJ., Concur.