ROTHENBERG, J.
The defendant, Celio Sergio Castro, appeals the trial court’s order denying his motions for postconviction relief. We affirm.
The defendant was charged with nine counts of sexual battery on his three minor stepchildren T.A., K.J., and J.F. Defense counsel filed, and the trial court granted, a motion to sever the charges and to try the allegations related to each victim separately. This ruling resulted in a jury trial commencing on May 7, 2007, as to T.A. (counts one, two, and three), wherein the defendant was found guilty as charged. This Court affirmed the judgments and convictions on these counts under appellate case number 3D07-1458 on December 8, 2008, Castro v. State, 995 So.2d 974 (Fla. 3d DCA 2008), and mandate issued on December 19, 2008. A second trial commenced in September of 2007, on counts four and six as to K.J., wherein the defendant was convicted as charged. This Court affirmed those convictions on April 8, 2009, under appellate case number 3D08-365, Castro v. State, 6 So.3d 616 (Fla. 3d DCA 2009), and mandate issued on April 24, 2009.
The defendant filed two separate motions for postconviction relief on April 20, 2011. On April 28, 2011, the trial court denied both motions, finding that: (1) the motion for postconviction relief as to the charges relating to T.A. was untimely; and (2) the motion for postconviction relief as to the charges relating to K.J. was without merit.
As the charges under appellate ease number 3D07-1458 were affirmed and mandate was issued on December 19, 2008, and the defendant did not file his motion for postconviction relief until April 20, 2011, it is clear that the trial court correctly denied the motion as untimely filed. Thomas v. State, 793 So.2d 1149, 1149 (Fla. 3d DCA 2001) (holding that when defendant files direct appeal, “the two-year limitation period within which to file a post-conviction motion does not begin to run until the appellate court issues its mandate on the direct appeal”). We therefore affirm that portion of the trial court’s order without further comment.
We now address the trial court’s ruling as to the charges relating to K.J. in appellate case number 3D08-365. The defendant claims that trial counsel provided ineffective assistance of counsel by not adequately investigating the claim that he penetrated K.J.’s vagina with his penis where: (1) the alleged sexual batteries occurred upon K.J. from age five until age eight; (2) the State alleged the defendant penetrated KJ.’s vagina with his penis; (3) K.J. testified the defendant did not penetrate her vagina with his penis; (4) and the defendant’s “penis was too large to have penetrated a child’s vagina.” We agree with the trial court that these claims are without merit.
First, the State charged that between July 14, 1976, and July 14, 1979, the defendant penetrated or had union with K.J.’s vagina with his penis (count four), and penetrated or had union with KJ.’s mouth with his penis (count six). Thus, only count four pertains to the defendant’s *552 claim, and count four alleges in the alternative penetration or union with K.J.’s vagina.
The evidence presented at trial regarding count four was as to “union with,” not penetration. K.J. testified that the defendant began to touch her beginning at age five. K.J. explained the defendant would take her into his bedroom when no one else was home, lay her down on the floor, take off her underwear, and would attempt to penetrate her vagina with his penis. However, when he was unable to do so, he forced her to perform oral sex on him until he ejaculated. K.J. testified that the defendant’s sexual assaults upon her also occurred on the defendant’s fishing boat, where he would lock K.J. in a room, undress her, and try to penetrate her. When he could not penetrate her, he forced her to perform oral sex on him until he ejaculated. She testified that when the defendant tried to penetrate her it hurt, but she did not bleed or suffer any injuries. The evidence, therefore, clearly supported a finding that the defendant’s penis had union with K.J.’s vagina.
Also, contrary to the defendant’s claim of ineffective assistance of counsel for failing to examine the size of the defendant’s penis to establish the impossibility of penetration or penetration without injury, such an examination and claim if true, would only have supported KJ.’s testimony that, despite the defendant’s repeated attempts to penetrate her vagina with his penis, he was unable to do so. Accordingly, we agree with the trial court that the defendant’s claims as to this victim were without merit.
Affirmed.