ALTENBERND, Judge,
Specially concurring.
I concur in this decision to remand the case to the trial court for further proceedings. Mr. Iriarte’s postconviction motion claims that he filed a motion to withdraw plea, “which was voluntarily dismissed.” He does not state when it was voluntarily dismissed. The trial court’s order recites Mr. Iriarte’s claim, but it does not confirm that a notice of dismissal or a motion to voluntarily dismiss was ever filed by Mr. Iriarte or the attorney who presumably is representing him concerning that motion.
The trial court treated the motion pursuant to Florida Rule of Criminal Procedure 3.170(Z) as a postconviction motion and cited Joseph v. State, 835 So.2d 1221 (Fla. 5th DCA 2003), for the proposition that another collateral proceeding does not toll the time for a motion under rule 3.850. The trial court erred because a motion under rule 3.170(Z) is not a collateral proceeding. In many ways it looks like a collateral proceeding, but it is a motion filed within thirty days of rendition of the sentence. The motion presents and preserves an issue so that it may be addressed on direct appeal, not on collateral review.
Implicit within our opinion is the suggestion that the time to file a motion under rule 3.850 is tolled until a date related to the defendant’s decision to voluntarily withdraw his earlier motion to withdraw plea under rule 3.170((). That is probably a correct suggestion. His sentence could not even be reviewed on direct appeal until that motion was resolved.[1] In a somewhat similar context, when a defendant voluntarily dismisses a direct appeal, we measure the two-year period from the date of our order granting a voluntary dismissal. See Cabrera v. State, 721 So.2d 1190, 1191 (Fla. 2d DCA 1998).
Assuming that our suggestion is correct — the law provides a defendant with a tolling period that expands the time for the filing of a postconviction motion when an earlier filed motion pursuant to rule 3.170(() is pending but is ultimately abandoned — it is unclear to me when that period would end. Florida Rule of Appellate Procedure 9.020(h)(3) provides that an appeal is “held in abeyance” until the filing of a written order disposing of such a motion. The rule understandably does not address the rare defendant that abandons the motion. I would assume that the thirty-day period to file the direct appeal commences on the filing of the notice of abandonment even if no order is entered on the notice. If that is true, then the two-year period for the filing of a motion under rule 3.850 would run from the time the judgment and sentence became final by the expiration of the time to file a direct appeal. I do not believe there is precedent on this point, *530 and I write this concurrence to emphasize that our opinion today does not decide this issue.

. Unless Mr. Iriarte or his attorney actually filed a notice of abandonment of this motion, it is not clear to me that his time to file a direct appeal has even expired.