PER CURIAM.
The Defendant was sentenced to 364 days in jail, 2 years of community control, and a total of 13 years of probation. The sentence was legal under Florida law. Upon completing the jail portion of the sentence, the Defendant sought release but was instead held for a “dangerousness hearing.” At the hearing, the trial court modified the previously imposed probation conditions to include GPS monitoring; compliance with all sex offender conditions of probation and community control; entrance into residential alcohol treatment, immediately upon release; and no contact with minors without professional supervision. These conditions were not required by law.[1]
Before modifying a sentence, a trial court must always have jurisdiction. In the interests of due process, timely reductions of legal sentences are permissible under Florida Rule of Criminal Procedure 3.800(c). Here, we have neither a timely modification nor a reduction in the sentence. Therefore, the trial court erred when it added conditions to the Defendant’s probation. Consequently, the order is REVERSED and the additional conditions stricken.
KAHN, PADOVANO, and HAWKES, JJ., concur.

. It may not be constitutionally relevant whether the additional conditions were required or not, due to double jeopardy jurisprudence. However, we do not reach that issue here.