981 So.2d 1227 (2008)
Henry LEUNNE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D08-830.
District Court of Appeal of Florida, Third District.
May 14, 2008.
Rehearing Denied June 11, 2008.
*1228 Henry Leunne, in proper person.
Bill McCollum, Attorney General, for appellee.
Before RAMIREZ, SHEPHERD, and ROTHENBERG, JJ.
ROTHENBERG, J.
Henry Leunne ("Leunne") appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Because Leunne's motion is successive and untimely, we affirm.
On May 12, 2000, Leunne entered into a negotiated plea with the State wherein he pled nolo contendere to sexual battery with a deadly weapon or force, home-invasion robbery, three counts of armed kidnapping, and two counts of armed burglary in case number 98-6910C; and to armed burglary and conspiracy to traffic in cocaine in case number 98-6911C, in exchange for a thirty-three-year sentence and a recommendation that the sentence be served concurrently with a nineteen-year federal prison sentence he was serving at the time.
Although Leunne subsequently filed motions to vacate his convictions and sentences and to clarify his sentence, he did not file a direct appeal or appeal the denial of his motions. On May 9, 2002, Leunne filed a rule 3.850 motion for postconviction relief alleging ineffective assistance of counsel. This motion was denied by the trial court on June 20, 2002, and this Court affirmed on February 26, 2003. Leunne v. State, 840 So.2d 249 (Fla. 3d DCA 2003).[1]
Leunne does not claim that the grounds he currently raises are predicated on facts that were unknown or could not have been ascertained by the exercise of due diligence within the two-year time limitation prescribed by rule 3.850(b). His motion is therefore untimely. Because Leunne has also previously litigated a rule 3.850 motion and he has not demonstrated why the claims he now raises could not have been raised in the earlier postconviction motion, the trial court correctly denied the current motion as successive. See Moore v. State, 820 So.2d 199, 205 (Fla.2002) (holding that a successive rule 3.850 motion can be denied if there is no reason why the issue could not have been raised in a previous motion); Scrambling v. State, 919 So.2d 671, 672 (Fla. 5th DCA 2006) (holding that rule 3.850 motion for postconviction relief was procedurally barred as successive where the issue raised in the pending rule 3.850 motion was one that could or should have been raised in the earlier rule 3.850 motion).
Affirmed.
NOTES
[1] Leunne was represented by counsel in this appeal.