PER CURIAM.
 

 This is an appeal of an order summarily denying a motion under Florida Rule of Criminal Procedure 3.850(a). We affirm because the motion is successive.
 

 Clayton was convicted and sentenced after a jury trial on July 7, 2006, which was affirmed on February 20, 2008.
 
 See Clayton v. State,
 
 974 So.2d 1172 (Fla. 3d DCA 2008). Clayton then filed a post-conviction relief motion, which was considered on May 20, 2008, and denied without an evidentiary hearing. Clayton appealed and on November 5, 2008, we issued our opinion, affirming.
 
 See Clayton v. State,
 
 994 So.2d 1179 (Fla. 3d DCA 2008). Clayton then filed a second 3.850 motion, which was summarily denied.
 

 We conclude that three of the four claims that Clayton raised were successive and duplicative. Accordingly, the trial court was correct in summarily denying them without an evidentiary hearing. With regard to claim number four, Clayton claims that trial counsel was ineffective for failing to call a material eye witness that would have testified as to what happened at the store at the time of the theft on the date in question. As the Supreme Court has stated, “[A] second or successive motion for postconviction relief can be denied on the ground that it is an abuse of process if there is no reason for failing to raise the issues in the previous motion.”
 
 Moore v. State,
 
 820 So.2d 199, 205 (Fla.2002), citing
 
 Pope v. State,
 
 702 So.2d 221, 223 (Fla.1997).
 
 See also Leunne v. State,
 
 981 So.2d 1227, 1228 (Fla. 3d DCA 2008);
 
 Scrambling v. State,
 
 919 So.2d 671, 672 (Fla. 5th DCA 2006) (holding that rule 3.850 motion for postconviction relief was procedurally barred as successive where the issue raised in the pending rule 3.850 motion was one that could or should have been raised in the earlier rule 3.850 motion). Clayton has not alleged any reason why this ground was not raised in his prior 3.850 motion.
 

 Affirmed.