# Third District Court of Appeal

## State of Florida

Opinion filed August 5, 2015.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D15-1413
Lower Tribunal No. 05-8744
_____


**Recardo Clayton,**
Petitioner,

vs.

**The State of Florida,**
Repondent.


A Case of Original Jurisdiction – Habeas Corpus.

Recardo Clayton, in proper person.

Pamela Jo Bondi, Attorney General, for respondent.


Before SHEPHERD, ROTHENBERG and SCALES, JJ.

PER CURIAM.

Appellant Recardo Clayton ("Clayton") petitions this Court to issue a writ of habeas corpus pursuant to Florida Rule of Appellate Procedure 9.100. We deny the petition and issue an order to show cause, as described below.

In 2005, Clayton stole three 12-packs of beer from a gas station store. When confronted by the store employee at Clayton's vehicle, Clayton allegedly threatened the employee with a gun. Clayton was apprehended and charged with armed robbery.

In June of 2006, a jury convicted Clayton of the lesser offense of robbery without the use of a firearm. This Court affirmed the final judgment in Clayton v. State, 974 So. 2d 1172 (Fla. 3d DCA 2008).

Subsequently, Clayton has filed eight petitions or motions for post-conviction relief, including the current petition.[1] As early as 2010, we observed that several claims in Clayton's underlying 3.850 motion were "successive and duplicative." Clayton v. State, 34 So. 3d 214, 215 (Fla. 3d DCA 2010) (Mem).

Essentially, Clayton has insisted that his trial counsel was ineffective for not seeking a new trial in the wake of the jury determining that he did not use a firearm in the commission of the robbery. One element of the crime of robbery is the "use

---

[1] Clayton v. State, 994 So. 2d 1179 (Fla. 3d DCA 2008) (Mem); Clayton v. State, 34 So. 3d 214 (Fla. 3d DCA 2010) (Mem); Clayton v. State, No. 3D13-960 (Fla. 3d DCA April 22, 2013) (Table); Clayton v. State, 116 So. 3d 1270 (Fla. 3d DCA 2013) (Table); Clayton v. State, 121 So. 3d 557 (Fla. 3d DCA 2013) (Table); Clayton v. State, 152 So. 3d 582 (Fla. 3d DCA 2014) (Table); and Clayton v. State, No. 3D15-0699 (Fla. 3d DCA April 7, 2015).

of force, violence, assault, or putting in fear." § 812.13(1), Fla. Stat. (2005).

Clayton argues that once the jury found no use of a firearm, then Clayton could not instill fear in the store employee. Absent this element to sustain a robbery conviction, Clayton believes that he should have been tried, at most, for theft.

Clayton has maintained this position since his sentencing hearing on July 7, 2006. At this hearing, Clayton's counsel raised, in the context of sentencing, the issue of the relationship between a jury finding of no firearm and the robbery element of fear. The trial judge stated that, based on the testimony, the trial judge understood the store employee "was consumed with fear." The trial judge also stated that the jury was entitled to reach its verdict, and that the verdict was supported by the evidence.[2]

It appears that Clayton misapprehends an essential aspect of his trial: the jury was entitled to find that Clayton instilled a reasonable fear in the store

---

[2] The record suggests that after the sentencing hearing Clayton's counsel filed an untimely Motion for Judgment Notwithstanding the Verdict pursuant to Florida Criminal Procedure Rule 3.610. This motion was based on the exact same issue Clayton raised at the sentencing hearing: absent a firearm, the store employee could not reasonably have been in fear and, therefore, an element supporting a robbery conviction was missing. In his current petition for writ of habeas corpus, Clayton avers, as he has done repeatedly and through different approaches in his post-conviction efforts, that his trial counsel was ineffective in his failure to obtain a new trial on this basis. Our review of the record, however, does not lead to the conclusion that counsel's performance prejudiced Clayton's defense or that an error (if one occurred) had an effect on the final judgment. Strickland v. Washington, 466 U.S. 668, 685-94 (1984); Gore v. State, 846 So. 2d 461, 466 (Fla. 2003).

employee, whether or not a firearm was present during the robbery. On this basis, this Court affirmed the conviction. <u>Clayton v. State</u>, 974 So. 2d 1172 (Fla. 3d DCA 2008) (Mem). Also on this basis, the trial court denied Clayton's initial 3.850 motion in May of 2008. The current petition for writ of habeas corpus, which revives Clayton's contentions from his earlier post-conviction motions and petitions, does not present a matter of manifest injustice, as Clayton alleges.

## ORDER TO SHOW CAUSE

Clayton is hereby directed to show cause, within forty-five days from the date of this opinion, as to why he should not be prohibited from filing any further pro se appeals, petitions, motions, or other proceedings related to his criminal sentencing in circuit court case number 05-8744.

If Clayton does not demonstrate good cause, we will direct the Clerk of this Court not to accept any such filings unless they have been reviewed by and bear the signature of a licensed attorney in good standing with the Florida Bar. Additionally, and absent a showing of good cause, any such further and unauthorized filings by Clayton will subject him to appropriate sanctions, including the issuance of written findings forward to the Florida Department of Corrections for its consideration of disciplinary action, including forfeiture of gain time. <u>See</u> § 944.279(1), Fla. Stat. (2014).

The petition is dismissed and an order to show cause is issued.